(29 Misc. Rep. 653.)

ROUTENBERG v. SCHWEITZER.

(Supreme Court, Appellate Term.   November 29, 1899.)

MUNICIPAL COURTS—APPEAL—RECORD—LETTER OF JUSTICE.
    On an appeal from a judgment of the municipal court, a letter written
    by the justice, stating that he drew a certain conclusion of fact from the
    evidence, will not be considered, where it is presented for the court's con-
    sideration after the appeal has been argued and submitted.

Appeal from municipal court, borough of Manhattan, Fourth dis-
trict.

Action by Louis Routenberg against Morris Schweitzer.   Judg-
ment for plaintiff, and defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

A. S. Weltfisch, for appellant.
Ashley, Emley & Rubino, for respondent.

LEVENTRITT, J.   This judgment must be reversed for lack of
proof of the requisite fact of the defendant's residence within juris-
diction of the court.   Upon the return of the summons the defend-
ant formally insisted that he was a nonresident, and presented affida-
vits containing positive allegations that at that time, and for the
preceding 11 years, he had been a resident of Greenville, S. C.   Coun-
ter affidavits were submitted by the plaintiff, whereupon the justice
found "that the defendant had a place of business in this city."
This finding will not satisfy the jurisdictional requirements.   "Resi-
dence" and "place of business" are not synonymous.   The respondent
evidently recognized this; for, after the appeal had been argued and
submitted, he presented for our consideration a letter which he had
procured from the justice, a copy of which had been served on the
appellant's attorneys, to the effect that the foregoing statement from
the record was incomplete, and that the justice had found as a fact
from the proof that the appellant was a resident of the county.
This letter must be disregarded, as we cannot go behind the return
or amend it in this informal manner.   There is at best a grave ques-
tion whether the plaintiff's affidavits, considered alone, establish resi-
dence.   They contain no direct allegation of fact.   These may per-
haps be supplied on a rehearing, although it would probably be ad-
visable to determine the question of jurisdiction, in disputed cases,

on oral testimony, where opportunity for cross-examination would be afforded. For the jurisdictional defect referred to, the judgment must be reversed. Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.