(31 Misc. Rep. 459.)

LANGMAN v. MILBURY.

(Supreme Court, Appellate Term. May 1, 1900.)

COURTS—JURISDICTION—RESIDENCE OF DEFENDANT.
    The fact that defendant has a place of business in the city of New
    York at the time of trial will not give the municipal court of that city
    jurisdiction, if defendant has no actual residence in the city of New
    York.

Appeal from municipal court, borough of Manhattan, Fifth dis-
trict.

Action by Lena Langman, by her guardian ad litem, George San-
ders, against L. A. Wilmot Milbury, doing business as the Milbury

Atlantic Supply Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Henry L. Maxson, for appellant.
C. L. Schurz, for respondent.

PER CURIAM. The fact that the defendant had, at the time of the trial, a place of business in the city of New York, does not satisfy the jurisdictional requirement. Proof of actual residence will alone suffice (Routenberg v. Schweitzer, 29 Misc. Rep. 653, 61 N. Y. Supp. 84, affirmed in [April 2, 1900] 63 N. Y. Supp. 746); and, since this proof is not furnished by the record, the judgment must be reversed, and a new trial ordered. As the question was raised upon the trial, the reversal will be with costs to abide the event. Judgment reversed, and a new trial ordered, with costs to abide the event.