88 P.2d 269

**R. V. SMITH SUPPLY CO. v. BLACK et al.**

**No. 4413.**

Supreme Court of New Mexico.

Feb. 27, 1939.

James A. Hall, of Clovis, for appellant.

Mayes & Rowley, of Clovis, for appellees.

BICKLEY, Chief Justice.

This case was tried to the court without a jury. The judgment of the court upon the trial was not rendered at the time thereof but the matter was taken under advisement by the Judge. After considerable time had elapsed, the court determined that the plaintiff was entitled to judgment against the defendants and rendered such a judgment. Thereafter, the defendants filed a motion to set aside the judgment upon the ground that the entry thereof was contrary to law and the usual practice of the court, in that no notice was given either to the defendants, or their attorneys of record, that said judgment was about to be rendered, as under such circumstances required by the provisions of § 105-845, N.M.S.A.1929. Upon a hearing of said motion, the court made findings of fact and conclusions of law. From such findings of fact and statements in the briefs, the pertinent facts seem to be as follows:

The defendants were represented at the trial by E. M. Grantham, a member of the bar, who at that time resided in Clovis, New Mexico. Prior to the entry of judgment and prior to the time of the alleged service of notice of presenting the judgment for signature and entry, Mr. Grantham had been appointed United States Attorney for the District of New Mexico, and had removed himself and family to Santa Fe, New

Mexico, and resided there. Before Mr. Grantham was appointed United States Attorney, the firm of Hatch, Grantham & Manson had been dissolved and the firm of Grantham and Houk had been organized for the general practice of law, which firm at all times pertinent hereto maintained offices in Clovis, New Mexico, with Mr. Houk in charge thereof, and at which place they received mail. Mr. J. S. Fitzhugh, as attorney for plaintiff-appellant, mailed to E. M. Grantham a notice that a form of judgment would be presented to the trial court, accompanying such notice with a copy of the proposed judgment. This notice was addressed to E. M. Grantham at his then place of residence in Santa Fe, New Mexico. Mr. Grantham did not receive the notice mailed to him at Santa Fe and did not have any information whatever that a judgment had been presented or that it had been signed until the motion to set aside the judgment was filed. The court also found that the notice deposited in the post office, addressed to Mr. Grantham at Santa Fe, was not a true copy of the judgment presented for signature and signed by the judge. Upon a hearing of the motion, the court entered an order vacating the judgment, from which order plaintiff appeals.

Sec. 105-845, N.M.S.A.1929, is as follows: "Judgment in cases taken under advisement—Notice. Upon any hearing before the judge of a court, wherein the judgment of the court upon such hearing shall not be rendered at the time of such hearing, but shall be taken under advisement by the judge, no judgment or order relative to the matters pertaining to such hearing shall be entered until notice of the same shall have been given to the attorneys for the respective parties in the action."

It is to be noted that there is no specific procedure designated as to how the notice referred to in the statute shall be served. Since the notice is to be given "to the attorneys for the respective parties in the action" the inference is that the notice is to be given by the court, and we so hold. It seems appropriate to suggest that on so important a matter the court, having taken a matter under advisement and having become duly advised and being ready to announce his decision, should give the notice of "the judgment or order" about to be entered and preserve a record thereof. The manifest purpose of such notice is to give "the attorneys for the respective parties in the action" an opportunity "to make all objections and take all exceptions" to the decision in writing which the court proposes to file with the clerk in the cause and to the findings of fact and conclusions of law which the court deems pertinent to the cause (see § 105-813, N.M.S.A.1929) or to any other rulings or decisions the court announces it is about to make. The matter will then take the form of a hearing by the court. Attorneys for appellants have assumed that the provisions of § 105-705, N. M.S.A.1929, relating to service of pleadings and papers, are controlling as to the method of service of the notice specified in § 105-845. Counsel for appellees accept this view of appellant's counsel and argue that the provisions of said § 105-705 were

not complied with because the notice was not mailed to defendant's attorney E. M. Grantham "at his place of business", which the court found was in Clovis, New Mexico, but on the contrary was mailed to Mr. Grantham at his place of residence in Santa Fe, New Mexico. Counsel for appellees cite Routenberg v. Schweitzer, 29 Misc. 653, 61 N.Y.S. 84, holding that "place of business is not synonymous with 'residence'", and also quote 2 Bouv.Law Dict., Rawle's Third Revision, p. 2596, defining "place of business" as follows:

"The place where a man usually transacts his affairs or business.

"When a man keeps a store, shop, counting-room, or office, independently and distinctly from all other persons, that is deemed his place of business; and when he usually transacts his business at the counting-house, office, and the like, occupied and used by another, that will also be considered his place of business, if he has no independent place of his own. But when he has no particular right to use a place for such private purpose, as in an insurance-office, an exchange-room, a banking-room, a post-office, and the like, where persons generally resort, these will not be considered as the party's place of business, although he may occasionally or transiently transact business there."

 We would be inclined to agree with counsel for appellees, but we decide the matter upon other considerations. It being the duty of the court to give the notice mentioned in § 105-845, the court doubtless has inherent power to direct the man-ner of service of such notice by rule of court, or otherwise, not inconsistent with existing rules made by paramount rule-making authority. No such rule being called to our attention, we think the procedure as to service of notice of a "hearing of any kind", § 105-802, N.M.S.A.1929, assimilates to the notice here under consideration more logically than does Sec. 105-705, invoked by appellant. The last named section pertains to pleadings and papers originating with the parties, whereas Sec. 105-802 pertains to notices of court hearings.

Sec. 105-802 is as follows: "Any hearing of any kind, whether interlocutory or final, unless trial by jury is necessary, may be had in any case upon five days' notice in writing to the opposite party, or to his attorney or solicitor, but the court or judge may, upon application, for good cause shown, extend or shorten the time of hearing, *provided that any order shortening the time for hearing shall be actually served upon the opposite party or his attorney or solicitor at least twenty-four hours before the time of said hearing, and the time of service shall be the time when the party or his attorney or solicitor actually receives a copy of said order or said five days' notice.*" (Emphasis ours.) The italics represent the amendment made by the 1927 enactment. Laws 1927, c. 108. Counsel for appellees in their brief say: "It seems to appellees that the door would be left wide open to fraud if a doctrine is laid down holding that the mailing of a notice is service even if it is never received." Apparently the legislature in 1927 took the same

view insofar as notices of court hearings are concerned.

The writer recalls that prior to the 1927 enactment, many members of the bar thought that on such important matters as notices of hearings of action to be taken by the court, such action should not be taken until proof was made that the parties interested, or their attorneys, had "actually" received notice. The 1927 enactment was perhaps a response to this sentiment of the bar.

We do not find that the trial court was in error in entering its order vacating and setting aside the judgment. The order is therefore affirmed, and the cause remanded for further proceedings, and it is so ordered.

ZINN, SADLER, and MABRY, JJ., concur.

BRICE, J., did not participate.