James D. JORDAN, Appellant,

v.

STANDARD ACCIDENT INSURANCE COMPANY, Appellee.

No. 6356.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 22, 1960.

Rehearing Denied Oct. 12, 1960.

268

Joe H. Tonahill, Barber & Seale, Jasper, for appellant.

Marcus, Weller & Evans, Beaumont, for appellee.

ANDERSON, Chief Justice.

Relying upon Article 8306, Sec. 19, Vernon's Ann.Civ.St., as a basis for claiming under the Texas Workmen's Compensation Law, and by way of appealing from an adverse ruling of the Industrial Accident Board, appellant sued in one of the district courts of Jefferson County to recover compensation for an injury he received in Canada while in the course of his employment as an employee of Oklahoma Pipeline Constructors. He sued in Jefferson County upon the theory that the contract of hiring was made there. Appellee answered by general denial and by specially pleading that appellant was not hired in Texas, but at Buffalo, New York, and was not a Texas employee at the time of the accident or at any other time while employed by Oklahoma Pipeline Constructors. Trial to a jury was terminated by an instructed verdict. Having concluded that there was no evidence to justify classifying appellant as a Texas employee, the trial court granted the defendant's motion for an instructed verdict at conclusion of the evidence. Judgment for the defendant was entered on the verdict, and the plaintiff appealed.

The appeal presents but one question: that of whether the trial court erred in directing a verdict for the defendant. We hold that the court did not err.

The law of the case was thus stated by the Supreme Court in Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d 590, 592:

"Under the plain provisions of Section 19 of Article 8306, supra, as interpreted and construed in the two cases above mentioned, before an employee injured outside the territorial limits of this state can recover for such injury under our compensation statutes, he must prove that, at the time of such injury, he occupied the status of a Texas employee incidentally or temporarily sent out of the state to perform labor or services. The phrase, 'who has been hired in this State,' has no reference to the place where the contract of hiring took place. The test is: What was the status of the employee at the time of injury with regard to being a Texas employee? If, at such time, he occupied the status of a Texas employee, he is entitled to protection under our Compensation Statutes, even though he was working out of the state. On the other hand, if the employee is hired or contracted with in this state to go out of this state to perform labor or services, he cannot claim protection under our Compensation Law merely because the contract was made or entered into in this state. Also, if a person is hired to work in this state,—that is, if, under the contract of hiring, such person becomes a Texas employee in the sense that it is contemplated that his services are to be rendered in this state, such employee is protected by our Compensation Law, even though he is first sent incidentally or temporarily out of the state to perform labor or services, and the mere fact that such employee performs his first services out of this state will not defeat his right to protection under our compensation statutes. In any event, before the statute under consideration can be applied in favor of an employee injured out of this state, it must be shown that he occupied the status of a Texas employee before leaving the state. Also, it must be further shown that while occupying such status he was incidentally or temporarily sent out of the state by the Texas employer to perform labor or services for such employer."

In discussing the facts of the Gallagher case, the court said:

"It is undisputed that Gallagher never did any character of work and never performed any character of services for the Drilling Company in Texas prior to the time he went to work for such company in New Mexico. He therefore cannot be said to have been a Texas employee of the Drilling Company, simply laid off for a time, on the occasion when he was sent out of the state to work at Jal, New Mexico. It follows that he cannot be classed as a Texas employee under facts similar to those involved in the Volek case, supra. As shown above, the contract under which Gallagher performed labor in New Mexico was made in Texas, but the place where the contract was made and entered into is not the determining factor in deciding a case like this. Texas Employers' Insurance Ass'n v. Volek, supra."

The court further said:

"We have given the questions above discussed unusual consideration because of their importance to Texas workmen, employers, and compensation insurance carriers. We are fully aware of the rule that our Workmen's Compensation Law should be liberally construed in favor of Texas employees. In spite of this rule, we cannot bring ourselves to the conclusion that it is the intent or purpose of such law to extend its protection to an employee injured in a foreign state, where the undisputed facts show that such employee never, in any sense, occupied the status of a Texas employee prior to leaving the state."

■ Appellant in the case at bar, a welder, admitted that, irrespective of where the contract of hiring was made, he was hired to work in Canada. We quote from his testimony:

"Q. Regardless of when and how or when and where you were hired, you were hired to do welding work and welding work only, is that correct, sir? A. That is right.

"Q. And that welding work was to be done altogether in Canada, was it

not? A. The job was in Canada, yes.

"Q. Now, you just finished saying that you were hired to do welding and nothing else but welding, is that correct? A. On a pipeline, yes, sir.

"Q. Therefore, whatever work you hired out to do was to be done entirely in Canada, was it not? A. Yes, sir, that is right.

"Q. And the first welding work you did for this company was in Canada after you had already left the United States—not only the State of Texas but had left the United States, is that correct? A. That's right.

"Q. So then the first work that you were hired to do and the first work you did was done in Canada, is that right? A. Welding—yes, sir.

"Q. That is what you were hired to do—welding? A. That's right."

Appellant also admitted that, to the extent that he was hired before he entered Canada, he was only hired conditionally. In keeping with a general custom that prevails with reference to hiring welders, it was understood that appellant was not to consider himself finally employed until he passed a welding test at the job site.

Appellant had not previously worked in Texas for Oklahoma Pipeline Constructors, and it was not contemplated that he would work for it in Texas when the Canadian pipe line was finished. In fact, the company neither had Texas work under way nor in prospect.

Appellant has been under no misconception about the basic law of the case. In an effort to prove that he was a Texas employee who was injured while temporarily working outside the state, he endeavored to prove that he rendered Oklahoma Pipeline Constructors a service in Texas before he departed for Canada, and that he thereby acquired the status of a Texas employee.

He endeavored to prove that he recruited two additional Texas welders for the company or was at least responsible for their decision to go to Canada to work for the company. He does not claim that he otherwise rendered the company a service in Texas.

Recruiting laborers in Texas to work with the recruiter and for the recruiter's employer on a job outside the state would no doubt be sufficient in some circumstances to give the recruiter the status of a Texas employee. Texas Employers' Ins. Ass'n v. Moore, Tex.Civ.App., 145 S.W.2d 326. But appellant's Texas activities were not attended by the necessary circumstances. Whatever appellant did in Texas toward getting the other two Texas welders to go to Canada to work for Oklahoma Pipeline Constructors he did without having been thereto directed, requested or authorized by the company, without the company's knowledge or consent, and before he himself had been hired by the company. In other words, appellant acted as a mere volunteer, not as an employee, and his acts were not subsequently adopted or ratified by the company. It does not appear that he even made his acts in such behalf known to the company during the time he was employed by it. Moreover, his acts in such behalf bore no relationship whatsoever to the work he was later employed by the company to do, and he neither received nor expected pay for them. We are unable, therefore, to see in the evidence any basis for saying that appellant gained the status of a Texas employee before he went to Canada.

The circumstances surrounding the hiring of appellant were these: The work in Canada was in progress. Additional welders were needed. The welder foreman for Oklahoma Pipeline Constructors, James Ross, telephoned from Canada to a welder named LeBlanc, who at the time was at his home in Jefferson County, Texas, and asked if LeBlanc would come to work on the Canadian job. LeBlanc, according to Ross' undisputed testimony, replied in the

affirmative. During the course of the conversation LeBlanc asked if additional welders were needed, and was told that jobs for three were available. LeBlanc thereupon stated that he had a couple of friends who were out of work and that he would have them call Ross. One of these friends, George Hewitt, telephoned Ross and, again according to Ross' undisputed testimony, agreed to come to work. Appellant did not talk to Ross from Texas or at any time before having arrived in Buffalo, New York. However, he testified that he was with LeBlanc in Jefferson County, Texas, during one telephone conversation in which LeBlanc told Ross that appellant would be one of a party of three coming to work. His exact testimony was this: "So LeBlanc told Ross over the telephone he had two welders with him, Hewitt and Jordan, and that was the extent of the conversation, that we would be up there as soon as we could." This was the last conversation that was held between Ross and any of the three welders while the welders were still in Texas, and was the first, so far as the record discloses, in which appellant's name was mentioned to Ross. Shortly after it was concluded, LeBlanc, Hewitt, and appellant began their trip to Canada. They traveled together, in Hewitt's automobile, until they reached Buffalo, New York. Arrived there, they telephoned Ross, and appellant talked to him for the first time. Work visas were ready for LeBlanc and Hewitt and were available to them the following day. No visa for appellant had been applied for by Ross, and it was several days before one could be procured. Ross' explanation of this was that he had neither hired nor heard of appellant and had therefore had neither a reason to apply for a visa for him nor information on which to have done so. He also testified that he himself was the only person authorized by Oklahoma Pipeline Constructors to hire welders on the Canadian job, and denied that he had authorized anyone else to hire appellant. His testimony in these respects was not controverted, unless by the circumstances we have mentioned. However, appellant testified that it was common practice for a welder foreman to call a welder, hire him, and authorize the welder to bring other welders with him to a job. LeBlanc and Hewitt entered Canada and went to work while appellant was awaiting his visa. When his visa was available, appellant also entered and went to work. Some two weeks later he was injured.

Touching appellant's Texas activities, there is only appellant's own testimony. He testified, in substance: that, upon learning of the Canadian job—through LeBlanc—and of the monetary rewards it offered, he decided it was a good job; that he "talked to LeBlanc"; that, "Well, we just got together and it was decided that if I would go they would go with me"; as to the nature of the work he did in Jefferson County, Texas, "Well, we were getting together. I was talking to the other two boys about going to Canada"; that, having worked under his supervision on other jobs, LeBlanc and Hewitt more or less looked up to him and relied upon his judgment as to whether or not a job offered worthwhile employment; that he spent time in getting LeBlanc and Hewitt to go to Canada with him; that he exerted "some efforts in an attempt to get them to go"; that he also used his automobile in going to and from the places at which he conversed with LeBlanc and Hewitt; that these things were done in Jefferson County, Texas; that, following these efforts, LeBlanc called Ross and told the latter that the three of them, LeBlanc, Hewitt and appellant, would come to Canada to work; that he appellant, felt that he was responsible for LeBlanc's and Hewitt's acceptance of employment; that the three of them went to Buffalo, New York, together.

It is perhaps questionable as to whether there is any evidence to show that appellant was hired in Texas, and as to whether there is any to entitle appellant to

credit for the other two welders' acceptance of employment. However, we base our decision altogether upon the considerations already mentioned.

We have carefully examined and considered the cases on which appellant relies, but they are all distinguishable on their facts from the case at bar.

The judgment of the trial court is affirmed.