**The TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**E. J. KNIGHT, Appellee.**

**No. 7506.**

Court of Civil Appeals of Texas.
Texarkana.

Aug. 27, 1963.

Rehearing Denied Sept. 17, 1963.

R. O. Kenley, Jr., Kenley, Ritter & Boyland, Longview, for appellant.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, for appellee.

DAVIS, Justice.

A Workmen's Compensation case. Appellee sued appellant under the extraterritorial provisions of the Texas Workmen's Compensation Act, Art. 8306, Sec. 19, V.A.T.S., for disability and medical payments as the result of injuries he received while working for Gene McCutchin, who has an office in Dallas County, Texas, as a driller on an oil well in the State of New Mexico under a contract of employment made in Texas in March, 1961. Under the contract of employment, appellee was supposed to work as a roughneck, or as a driller, in the drilling of oil wells for McCutchin wherever such work might be done, as a Texas Employee.

The defenses were a general denial, and special defenses:

(1) That the appellee was able to earn an equal or a greater amount than prior to his alleged injury;

(2) that he was not a Texas Employee:

(3) that if he did receive an injury that the same was temporary and partial, and resulted from matters or things in no way connected with his employment by McCutchin, and in the alternative,

(4) that such matters were the sole cause of any alleged disability.

No payment of any compensation has been made.

At the trial, it was proved that appellee received his injury while working on an oil well in the State of New Mexico as an employee of McCutchin. Most of McCutchin's prior drilling operations has been in Texas. He did not establish an office in the State of New Mexico for paying the men, or for doing any other character of business. According to the evidence, all pay checks for his employees, including appellee, were issued out of the Dallas office. Social security and withholding taxes were reported to the Federal Government from the Dallas office. Unemployment taxes on all wages paid to appellee, including the date of his injury, were reported and paid to the Texas Employment Commission. It was proved that as to the employment and services of his men, McCutchin's method of conducting business was that each of them were employed from job to job and from day to day, and when a particular job was finished, the payroll would be closed and the men would be off of the payroll until another job was commenced and they began to work on it. His employees were not carried on the payroll between jobs. It was customary, if he was satisfied with the men on the job, for the tool pusher to speak to them while still at work and thereafter about reporting to the next job for work when it began. In such event their employment, services and pay would start, not from the time of this arrangement, but from the time of their actually beginning work on the new job.

Appellee was a resident of Rusk County, Texas, under the provisions of the Workmen's Compensation Act. Appellee's first work for McCutchin was done in New Mexico. He had already learned that most of the work for his employer would be in Texas. Upon completion of the well in New Mexico, the rig was moved back to Texas, and a well was drilled in Upton County, Texas. Appellee returned to Texas and worked on the well in Upton County. While the rig was down after completion of the well in Upton County, appellee obtained the tool pusher's permission to seek temporary work elsewhere. Appellee did, in fact, work temporarily for another drilling company in Utah. He kept in touch with the tool pusher to determine when he was to return to his job with McCutchin. This was done by long distance calls, collect, to the tool pusher for McCutchin. Appellee was on leave for approximately three weeks. In early July, 1961, appellee called the tool pusher, collect,

and he was told to report to Hobbs, New Mexico, as a driller, the same job he had occupied for McCutchin on the well in Upton County. While working on the well near Hobbs, New Mexico, he received the injury. Appellee continued with his job, and following the completion of the well in New Mexico they moved the rig back to Texas and appellee drilled the well.

Trial was to a jury that found the appellee sustained an injury, as a Texas Employee, while in the continuation of his employment by McCutchin under his contract of hire. Judgment was entered, and appellant has perfected its appeal. It brings forward five points of error.

By its point 1, appellant takes the position that the evidence established, as a matter of law, that appellee was not covered by the extraterritorial provisions of the Texas Workmen's Compensation Act at the time material to this lawsuit.

By its point 2, it says the evidence failed to establish, as a matter of law, that at the time of his injury appellee was covered under the extraterritorial provisions of the Workmen's Compensation Act of the State of Texas.

By its point 3, it says the evidence was insufficient to establish the fact that appellee at the time of his injury was covered under the extraterritorial provisions of the Workmen's Compensation Act of the State of Texas.

By its point 4, it says the trial court erred in failing to submit issues to the jury inquiring if appellee was a Texas employee temporarily working out of the State of Texas.

It does not take issue with the fact that appellee actually sustained an injury, and that the injury actually resulted in total and permanent disability. Appellant takes the further position that appellee was an oil field worker and that he was actually employed by McCutchin on the date of injury. They argue that the appellee was an employee, employed in the State of New Mexico, and that he can not recover under the extraterritorial provisions of the Workmen's Compensation Act of the State of Texas.

To the contrary, appellee takes the position that he was a Texas Employee, and is entitled to recover. There are several cases direct in point on the question involved. In Associated Indemnity Corporation v. Scott, 5 Cir., 103 F.2d 203, and the cases therein cited, it points out that the primary purpose of our compensation law was to protect our own workmen and upholds the extraterritorial provision of the Workmen's Compensation Act of the State of Texas. In Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d 590, the Supreme Court of Texas said: "[T]he place where the contract was made and entered into is not the determining factor in deciding a case like this." In Jordan v. Standard Accident Insurance Company (Tex.Civ.App.) 339 S.W.2d 267, N.W.H., the court said:

"The phrase, 'who has been hired in this State,' has no reference to the place where the contract of hiring took place." The court must liberally construe the Workmen's Compensation Statutes. Texas Employers' Ins. Ass'n v. Volek (Tex.Comm. of App.) 69 S.W.2d 33. Oil field workers are one of the groups of workmen to be protected under the extraterritorial provisions of the Texas Workmen's Compensation Act. Traders & General Insurance Co. v. Collins (Tex.Civ.App.) 321 S.W.2d 178, W.R., N.R.E.

A letter was written to the appellee by McCutchin over the signature of an employee. A part of the letter was offered in evidence, but its admission was erroneously refused by the trial court. The letter is stated, in part, as follows:

"We consider that your employment was in the State of Texas, and that you were temporarily transferred out of the State for the work that was done in New Mexico."

2 Jones on Evidence 865, Sec. 367; 24 NACCA Law Jour. 132; 100 C.J.S. Workmen's Compensation § 535, p. 535.

Construing the statute as we should, the appellee was a Texas employee, employed outside the State of Texas at the time of injury. Hale v. Texas Employers' Ins. Ass'n, 150 Tex. 215, 239 S.W.2d 608, and authorities therein cited. 16 NACCA Law Jour. 38 to 66.

Appellant takes the position that the trial court erred in not submitting a special issue inquiring as to whether or not the appellee was a Texas Employee. In his original charge he asked the question. The appellant objected. At that time, it considered the finding of whether or not appellee was under the Statutes of Texas a Texas Employee was a matter of law rather than an issue of fact. It being the custom of the employer to transfer his crews from place to place, and there being no evidence of a new contract, it can be presumed in law that the relationship entered into between the parties continued in force and effect. Aetna Casualty & Surety Co. v. Dixon (Tex.Civ.App.), 145 S.W.2d 620, W.R. The points are overruled.

Appellant does not argue its 5th point of error. It contends the court erred in submitting to the jury special issue No. 15. The special issue and the jury's answer thereto is as follows:

"SPECIAL ISSUE NO. 15:

"Do you find from a preponderance of the evidence that at the time the plaintiff, E. J. Knight, sustained the injury, if any, inquired about in Special Issue No. 2, in Lea County, New Mexico, such was sustained in the continuation of his employment by Gene McCutchin under his contract of hire, if any, of March, 1961?

"Answer 'It was' or 'It was not'.

"ANSWER: It was."

The issue is not erroneous, nor is it duplicitous. Meyer v. Great American Indemnity Company, 154 Tex. 408, 279 S.W.2d 575; Eubanks v. Texas Employers' Ins. Ass'n, 151 Tex. 67, 246 S.W.2d 467.

Appellant failed to request any issue touching upon this matter. The point is overruled.

The judgment of the trial court is affirmed.