

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Candy Moore
Executive Officer
Texas Polygraph Examiners Board
P. O. Box 4087
Austin, Texas    78773

Opinion No. JM-437

Re:    Whether a polygraph examiner
is required to display his license
at each location where he performs
his services

Dear Ms. Moore:

Polygraph examiners are regulated and licensed pursuant to article 4413(29cc), V.T.C.S., the Polygraph Examiners Act.  Section 15 of the act sets forth the following in pertinent part:

> A license or duplicate license must be prominently displayed at the place of business of the polygraph examiner or at the place of internship. (Emphasis added).

You inform us that a polygraph examiner frequently takes his instrument to the location of an employing company and performs testing at that location rather than at his normal place of business. You ask whether the examiner is required to display his license at this location. You further inform us that the board issues a pocket identification card each year when the examiner renews his license. If we answer your first question in the affirmative, you also ask whether display at the location of the employing company of this identification card is sufficient to comport with the requirements of the act or whether the actual license must be displayed. We conclude that a polygraph examiner is not required to display his license when he performs testing at a location different from that of his regular place of business. Because we answer your first question in the negative, we need not answer your second question.

The Polygraph Examiners Act itself does not define the phrase "place of business of the polygraph examiner." Nor has any Texas court construed this phrase in the act. Courts in Texas and in other jurisdictions have variously construed the phrase "place of business"; however, those constructions turn upon the context in which the phrase is used and the evident intent of the drafters of the legislation. See, e.g., Bullock v. Dunigan Tool & Supply Co., Inc., 588 S.W.2d 633 (Tex. Civ. App. - Beaumont 1979, writ ref'd n.r.e.); Mobil-Teria Catering Company, Inc. v. Spradling, 576 S.W.2d 282 (Mo. 1978) (courts construed local tax statutes to reach location where actual

transaction occurred rather than to limit reach of statutes to business' normal or official place of business); see also contra Luckett v. Coca-Cola Bottling Company of Louisville, 310 S.W.2d 795 (Ky. 1958); Northwest Tool & Supply, Inc. v. Employment Security Department, 547 P.2d 908 (Wash. Ct. App. 1976) (courts construed certain tax statutes to reach actions occurring only at location of normal office rather than at location at which transaction occurred).

After an examination of the entire act, we conclude that the legislature intended an examiner to display his license at his normal or fixed place of business or office, rather than at every location at which he conducts an examination. The factual situation which you have described is analogous to that set forth in Business Management Corporation v. Department of Industrial Relations, Division of Labor Statistics and Law Enforcement, 123 P.2d 142 (Cal. Dist. Ct. App. 1942). That case involved the determination for purposes of an employment agency licensing statute of the place of business of a motion picture employment agency which maintained a permanent or fixed office in Beverly Hills but whose employees frequently visited Los Angeles, Culver City, and surrounding cities on behalf of clients. The court concluded that place of business referred to

> a place or places actually occupied either continually or at regular periods by a person or corporation or his or its clerks for the purpose of conducting a business. If business is transacted at a place occasionally but not at stated periods, it is not properly termed a place of business.

123 P.2d at 143. See also R.V. Smith Supply Co. v. Black, 88 P.2d 269 (N.M. 1939). There is no indication in the act that the legislature intended that the examiner display his license at a location other than at the examiner's fixed place of business or office. Accordingly we conclude that a polygraph examiner is not necessarily required to display his license at each location where he performs his services.

## SUMMARY

A polygraph examiner is not necessarily required to display his license at each location where he performs his services.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General