863 P.2d 1099

**Kilroy TODACHEENE, Claimant–Appellant,**

v.

**G & S MASONRY, Travelers Indemnity and Arizona State Workers' Compensation Insurance Fund, Respondents–Appellees.**

No. 13781.

Court of Appeals of New Mexico.

Sept. 23, 1993.

Certiorari Denied Nov. 1, 1993.

**480**

John R. Westerman, Todd M. Ackley, Law Offices of John R. Westerman, Chartered, Farmington, for claimant-appellant.

James H. Johansen, Michael P. Clemens, Emily A. Franke, Butt, Thornton & Baehr, P.C., Albuquerque, for respondent-appellee Travelers Indem.

Robert D. Benson, Ryan P. Parham, Benson & Associates, Farmington, for respondent-appellee G & S Masonry, Inc.

Randal W. Roberts, Michelle M. Lalley, Simone, Roberts & Weiss, P.A., Albuquerque, for respondent-appellee Arizona State Workers' Compensation Ins. Fund.

Gordon S. Sargent, Sp. Asst. Atty. Gen., Workers' Compensation Admin., Albuquerque, for amicus curiae New Mexico Workers' Compensation Admin.

### OPINION

HARTZ, Judge.

Kilroy Todacheene (Claimant) appeals the denial by the Workers' Compensation Administration of his claim for benefits under the New Mexico Workers' Compensation Act. The Workers' Compensation Judge ruled that the extraterritorial-coverage provisions of the Act did not extend to Claimant's injury at a job site in Arizona. We reverse.

## I. FACTS

Claimant, a resident of New Mexico at all times relevant to the claim, was injured on June 6, 1988, in Kayenta, Arizona, while employed by G & S Masonry (G & S). G & S is a Colorado corporation with its corporate office in Durango, Colorado. During the relevant period G & S contracted to do masonry construction in Colorado, New Mexico, and Arizona.

Prior to the date of his accident Claimant was employed on an as-needed basis by G & S. The field foreman of G & S was the person who hired Claimant. Upon the completion of work for any individual foreman, Claimant was terminated. At that time Claimant could be referred to another job site, where it was the responsibility and prerogative of the foreman to hire or not hire Claimant. During the periods between employment at different job sites, Claimant was not paid a salary, nor was Claimant paid travel expenses as he moved from one job site to another.

In early May of 1988 Claimant was hired by foreman Les Rowley in Tuba City, Arizona, where he worked for approximately two weeks. Then Claimant and the rest of the crew moved with Rowley to the job site in Kayenta, where Claimant was injured on June 6. The judge made no findings regarding the location of Claimant's employment with G & S prior to his employment in Tuba City. G & S records, however, established that Claimant worked for G & S in Farmington, Socorro, and Santa Fe, New Mexico, during all but three weeks from December 1, 1987, through May 7, 1988. In addition, Claimant testified without contradiction that he worked for G & S and no other employer from April 1987 through the end of that year, earning $17,160. The work in 1987 was in Kirtland and Farmington, New Mexico.

## II. DISCUSSION

The sole issue in this appeal is the extraterritorial coverage of the Workers' Compensation Act. The governing provision is NMSA 1978, Section 52-1-64 (Repl. Pamp.1987), which states:

> If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by the Workmen's Compensation Act, had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the

benefits provided by this act, provided that at the time of such injury:

A. his employment is principally localized in this state;

B. he is working under a contract of hire made in this state in employment not principally localized in any state;

C. he is working under a contract of hire made in this state in employment principally localized in another state whose workmen's compensation law is not applicable to his employer; or

D. he is working under a contract of hire made in this state for employment outside the United States and Canada.

## A. Place of Contract of Hire

 Subsections B, C, and D provide for jurisdiction under the Act only if Claimant was working under a contract of hire made in New Mexico. One of the judge's conclusions of law was that Claimant was working under a contract of employment made with a G & S foreman in Arizona. In a prior decision interpreting Section 52–1–64 we held that "the geographical place where the acceptance is given will control the location of the formation of the contract." *Orcutt v. S & L Paint Contractors,* 109 N.M. 796, 798, 791 P.2d 71, 73 (Ct.App.1990). The evidence at the hearing was sufficient to sustain the judge's findings that each foreman hired his own workers and that the foreman for whom Claimant was working at the time of his injury had originally hired Claimant in Tuba City, Arizona. Although there was contrary evidence, it is for the trial judge, not this Court, to determine the credibility of witnesses and weigh the evidence. *See Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 767 P.2d 363 (Ct.App.), *cert. denied,* 109 N.M. 33, 781 P.2d 305 (1988). The judge could properly rule that at the time of Claimant's accident he was working under a contract of hire made in Arizona.

## B. Place of Principal Localization of Employment

 Consequently, Claimant can recover under New Mexico's statute only under Subsection A of Section 52–1–64—that is,

he can recover only if his employment was "principally localized" in New Mexico. NMSA 1978, Section 52–1–67(A) (Repl. Pamp.1991) states:

A person's employment is principally localized in this or another state when:

(1) his employer has a place of business in this or such other state and he regularly works at or from such place of business; or

(2) if Paragraph (1) of this subsection is not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

The judge entered conclusions of law that Claimant's employment was principally localized in Arizona and was not principally localized in New Mexico. The judge did not, however, address the predicates for these legal conclusions. In particular, the judge did not enter any finding or conclusion regarding whether G & S had a "place of business" in New Mexico or Arizona, as required by Paragraph (A)(1), nor did he enter a finding or conclusion regarding whether Claimant spent a "substantial part of his working time in the service of" G & S in New Mexico or Arizona, as required by Paragraph (A)(2). Nevertheless, on the basis of the judge's unchallenged findings and the uncontested evidence at the hearing, we determine as a matter of law that Claimant's employment was principally localized in New Mexico.

### 1. Place of Business

 We begin with Paragraph (A)(1). Under that paragraph Claimant's employment was principally localized in Arizona only if G & S had a place of business there. The critical question facing us is: When, if ever, is a construction site a place of business for a contractor?

Although a number of statutes and judicial opinions define or construe the term "place of business," those authorities do not establish a sufficiently fixed meaning to resolve whether, regardless of legal context, a construction site is a contractor's place of business. In New Mexico, for

example, the definitions are either too vague to provide a clear answer, *see R. V. Smith Supply Co. v. Black,* 43 N.M. 177, 180, 88 P.2d 269, 270 (1939) (place of business of attorney for purpose of service of process), or the context indicates a specific purpose for the definition which limits its persuasiveness as a definition for general use, *see* NMSA 1978, Section 7-1-14 (Repl. Pamp.1990) (statute governing where a contractor must report gross receipts for tax purposes states: "For persons engaged in the construction business, 'place of business' includes the place where the construction project is performed.") Case law from other jurisdictions is of limited help because the decisions generally contain little explanation of how the results are reached, the results appear to depend on the specific legal context, and courts in various jurisdictions are often inconsistent with one another.[1] Therefore, we focus our consideration on the meaning of "place of business" in the context of the extraterritorial application of workers' compensation laws.

Because the New Mexico statutory language derives from legislation suggested by the Council of State Governments, *see The Council of State Governments, Program of Suggested State Legislation 1963,* at 133, 143-45 (1972); 4 Arthur Larson, *The Law of Workmen's Compensation* App. H, at 629, 649-50 (1990), we have searched the equivalent of legislative history, but we have found none regarding the meaning of "place of business." In addition, although other jurisdictions have adopted some or all of the recommended statutory language, *see, e.g., Kirkpatrick v. Transtector Sys.,* 114 Idaho 559, 561, 759 P.2d 65, 67 (1988); *Patton v. Industrial Comm'n,* 147 Ill.App.3d 738, 101 Ill.Dec.

215, 218-19, 498 N.E.2d 539, 542-43 (1986); *Iowa Beef Processors v. Miller,* 312 N.W.2d 530, 533 (Iowa 1981), we have found no reported court decision in those jurisdictions elaborating on the meaning of "place of business."

The most that we could find in the workers' compensation context were a few inconsistent hints. In *Cardillo v. Liberty Mut. Ins. Co.,* 330 U.S. 469, 474, 67 S.Ct. 801, 805, 91 L.Ed. 1028 (1947), a case arising under the District of Columbia Workmen's Compensation Act, the Supreme Court stated that the electrical contractor that employed the worker "had its place of business in the District and engaged in construction work in the District, as well as in surrounding areas," perhaps implying that the contractor did not have a place of business outside the district despite its performance of construction work there. On the other hand, two state court decisions indicate that a worker's employment can be localized at a construction job site. In *George H. Wentz, Inc. v. Sabasta,* 337 N.W.2d 495, 501 (Iowa 1983), the court wrote, "Claimant's employment, if localized anywhere, was localized in South Dakota where employer [a mechanical contractor with its principal place of business in Nebraska] maintained a jobsite and claimant performed services for employer." In *Oliveri v. Workmen's Compensation Appeal Bd.,* 117 Pa.Cmwlth. 144, 542 A.2d 658 (1988), the court held that the worker's employment was localized in New York (where he worked as a plumber in the construction of a nuclear power plant) without discussing at all the place of business of the contractor that hired him. Also, a state administrative agency, the Virginia

---

**1.** For example, in determining whether a person is an employee for purposes of unemployment insurance, it is sometimes necessary to decide where an enterprise's place of business is. Several opinions support the view that a contractor's work site is a place of business. *See, e.g., Clayton v. State,* 598 P.2d 84 (Alaska 1979) (parcel on which logger harvests timber); *Missouri Ass'n of Realtors v. Division of Employment Sec.,* 761 S.W.2d 660, 662, 663 (Mo.Ct.App.1988) (employer's place of business includes "the entire area in which it conducts its business"); *Ver-*

*mont Inst. of Community Involvement v. Department of Employment Sec.,* 140 Vt. 94, 436 A.2d 765, 767 (1981) (same); *Miller v. Washington State Employment Sec. Dep't,* 3 Wash.App. 503, 476 P.2d 138 (1970) (place of business includes tract where logging performed). But there is also contrary authority. *See Carpet Remnant Warehouse v. New Jersey Dep't of Labor,* 125 N.J. 567, 593 A.2d 1177, 1190 (1991) (residences of carpeter's customers are not places of business); *Barney v. Department of Employment Sec.,* 681 P.2d 1273, 1275 (Utah 1984) (construction site is not place of business for nailers and finishers).

Industrial Commission, stated in *Coldtrain v. Starco, Inc.*, 65 O.I.C. 19 (1986), that a North Carolina corporation had a place of business at a job site at the Marine base in Quantico where it maintained a storage trailer that may also have been used in part for clerical work. *See Worsham v. Transpersonnel, Inc.*, 426 S.E.2d 497, 498–99 (Va.Ct.App.1993) (distinguishing *Coldtrain*). But the statement is dictum and the Commission provided no analysis supporting its conclusion.

In the absence of persuasive authority, we now examine the context of the phrase "place of business" in the Workers' Compensation Act to determine if that context provides any guidance. We note that even if Claimant's cause of action had arisen at a time when "the Workmen's Compensation Act must be liberally construed, with all doubts resolved in favor of the worker," *Dupper v. Liberty Mut. Ins. Co.*, 105 N.M. 503, 505, 734 P.2d 743, 745 (1987), *but see* NMSA 1978, Section 52–5–1 (Repl. Pamp.1987) (1987 Act provides that rule of liberal construction not be applied in workers' compensation cases), that rule would not assist us in this case. Although in some circumstances the worker may benefit if a construction site is not considered a place of business, in other circumstances such an interpretation of the statutory language could foreclose a worker from obtaining benefits under the New Mexico Act.

The feature of the Act that we find most helpful in construing "place of business" is the relationship between paragraphs (1) and (2) of Section 52–1–67(A). A worker's employment is principally localized in the state where "he is domiciled and spends a substantial part of his working time in the service of his employer," § 52–1–67(A)(2), unless there is another state in which "his employer has a place of business ... and he regularly works at or from such place of business." Section 52–1–67(A)(1). In other words, the state where an employer has a place of business at or from which the worker regularly works prevails over the state where the worker is domiciled and spends a substantial part of his working time in the service of the employer. We

infer from this hierarchy that for the purpose of establishing extraterritorial jurisdiction, an employer's place of business is more significant than the worker's domicile. For example, under the statutory definition if the employer has its main office in State A and the worker (such as a truck driver or sales person) works out of that office, then State A is where the worker's employment is principally localized even if State B is the worker's domicile and the worker works primarily in State B. *See Patton v. Industrial Comm'n* (trucker worked exclusively out of Missouri terminal; actual mileage was 49% in Illinois, which was his domicile, and 1.5% in Missouri; employment was principally localized in Missouri). From the relationship between paragraphs (1) and (2) of Section 52–1–67(A) we conclude that a "place of business" must be something rather substantial, what one might call a "business domicile" or "business home."

■ Does a construction work site constitute a "business home"? It depends. When the principal contractor on a major construction project that will take a number of months to complete sets up a trailer with telephones, etc., that serves as a business office, the site is sufficiently substantial to be a business home. On the other hand, when a subcontractor sends some workers to a site for a few days' work on a project, the subcontractor has not established a business home. We agree with Claimant's Supplemental Brief that in this context " '[p]lace of business' has connotations of permanence, control, record-keeping, and financial transactions that are not established by a subcontractor's temporary presence on a construction site."

Ordinarily the presence of an office will be the controlling factor in determining whether a contractor or subcontractor has a place of business at a construction site. An office would usually constitute a "business home." *Cf. Coldtrain* (contractor had place of business at construction site where it maintained storage trailer that may also have been used for clerical work). In the present case, therefore, we conclude that the construction site at which Claimant was

injured was not a place of business of G & S. Although the record contains evidence that G & S's subcontract called for work on the Kayenta site for several months and that G & S maintained a trailer on the site (although apparently only for storage of equipment), the judge entered a finding, uncontested on appeal, that G & S had no office in New Mexico or Arizona during the applicable time period. Because G & S did not have a place of business at Kayenta, Arizona, Claimant's employment was not principally localized in that state.

## 2. Substantial Part of Working Time

We next consider whether Claimant's employment was principally localized in New Mexico. Neither party contends that Claimant worked at or from a place of business in New Mexico or Colorado, so we turn our attention to Section 52–1–67(A)(2). Under that paragraph Claimant's employment was principally localized in New Mexico if he was domiciled in New Mexico and spent a substantial part of his working time in the service of G & S in New Mexico. It is uncontested that Claimant was domiciled in New Mexico. This state's jurisdiction therefore turns on whether Claimant spent "a substantial part of his working time in the service of [G & S]" in New Mexico.

We must address two questions concerning the meaning of "substantial part of his working time." First, in general what period of time should be considered in measuring whether a substantial part of an employee's working time is spent in a state? Second, does that period include only the time covered by the contract under which the employee was working when he was injured?

■ With regard to the first question, Section 52–1–67(A)(2) does not specify the pertinent time period but simply defines "principally localized" in the present tense. It provides that a worker's employment is principally localized in the state if "he is domiciled and spends a substantial part of his working time in the service of his employer in [the] state." Obviously, at the time of the accident the worker is in only

one state, and that state's jurisdiction over workers' compensation coverage for the accident does not depend on any provisions relating to extraterritorial coverage. Thus, for Section 52–1–67(A)(2) to ever provide extraterritorial coverage, the period during which the worker "spends a substantial part of his working time in the service of his employer" must include either some period of time prior to the accident or a period of time into the future. We conclude that both periods are pertinent. Recognizing that the ultimate consideration is the substantiality of the relationship between the worker's employment and the state, we find at least three factors to be significant: (1) the period of time since the worker worked in the state, (2) the percentage of time that the worker worked in the state both recently (that is, within the past few weeks) and on a long-term basis, and (3) the expectation and likelihood of the employee's working in the state in the future, had the worker not been injured. The relative weight of these factors will depend on the particular circumstances of the case.

■ In answer to the second question, we see no reason why the working time that we consider should be restricted to the time spent working pursuant to the specific contract under which Claimant was employed at the time of his accident. Section 52–1–67(A) makes no specific reference to employment contracts. Rather, as already noted, the focus of this statutory provision is on the substantiality of the relationship between a worker's employment and a particular state. Although the employer, and perhaps even the worker, may have sound reasons for terminating the employment contract at the close of each construction job and entering into a new contract at the beginning of a later job, and even though this practice may have fixed legal consequences under some provisions of the Workers' Compensation Act, see § 52–1–64(B), (C), (D) (state of contract of hire is a conclusive factor in determining Act's extraterritorial coverage), this practice does not necessarily determine the substantiality of the worker's employment relationship to any particular state. When, as in this case,

a worker has been employed exclusively by one employer virtually full time for an extended period of time, proper application of Section 52–1–67(A)(2) requires consideration of the worker's employment experience with the employer no matter how many individual employment contracts were involved. *Cf. Johnson v. Walter Kidde Constructors*, 72 N.J.Super. 548, 179 A.2d 25 (1962) (in factual setting similar to this case, court found a sufficiently continuous employment relationship with contractor in New Jersey to allow that state to assume jurisdiction); *Miller Contracting Co. v. Hutto*, 156 So.2d 745 (Fla. 1963) (only one employment involved although claimant marked time between jobs); *Travelers Ins. Co. v. Knight*, 370 S.W.2d 792 (Tex.Civ.App.1963) (tool pusher injured in New Mexico was Texas employee; employee worked on rig in both Texas and New Mexico). *See generally* 4 Arthur Larson, *supra*, § 87.43 (discussing continuous versus successive jobs); § 87.40 (advocating place of employment relation as best test for determining extraterritorial jurisdiction) (1990). *But see Seales v. Daniel Constr. Co.*, 469 So.2d 629, 631 (Ala.Civ. App.1985) (spending a substantial portion of one's working time in a state "implies a current, ongoing employment status where it is foreseeable that the employee will continue to spend a substantial part of his working time in the state"; court does not consider employment on prior construction projects by one who was not a permanent employee).

Considering all of Worker's employment experience with G & S, facts that weigh heavily in favor of a determination that Claimant was spending a substantial part of his working time for G & S in New Mexico are (1) he had been working for G & S in New Mexico barely a month before the accident and (2) before starting on the two Arizona jobs Claimant had worked for G & S in New Mexico for more than a year, with minimal interruption. Weighing

against a determination that Claimant was spending a substantial part of his working time in New Mexico is that there were no plans at the time of the accident for Claimant to return to New Mexico on a job for G & S. This weight is slight, however, because given Claimant's work history and the nature of G & S's work (which was job-to-job and limited to three states), the absence of plans did not imply that Claimant's work for G & S would be limited in the foreseeable future to states other than New Mexico. Balancing these considerations, we hold on the undisputed evidence in the record in this case that Claimant as a matter of law was spending a substantial part of his working time in the service of G & S in New Mexico. *Cf. Davis v. Wilson*, 619 S.W.2d 709, 711 (Ky.Ct.App.1980) (twenty percent is a substantial amount of time).

## III. CONCLUSION

At the time of Claimant's injury his employment was principally localized in New Mexico. He is therefore entitled to the benefits provided by the New Mexico Workers' Compensation Act. We reverse the decision below and remand for further proceedings with respect to Claimant's claim for benefits under the New Mexico Workers' Compensation Act. Because Claimant has not been awarded any benefits, we cannot at this time award an attorney's fee on appeal. *See* NMSA 1978, § 52–1–54(D) (Repl.Pamp.1987).

**IT IS SO ORDERED.**

MINZNER, C.J., and CHAVEZ, J., concur.