This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSE FRANCO,**

Worker-Appellant,

v.                                                                       **No. A-1-CA-36536**

**NELSON MEATS, INC., LARRY
and BEN LLC, and NEW MEXICO
MUTUAL CASUALTY INSURANCE
COMPANY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKER'S COMPENSATION ADMINISTRATION
Reginald Woodard, Worker's Compensation Judge**

Narcisco Garcia, Jr.
Albuquerque, NM

for Appellant

Jacob R. Candelaria
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Jose Franco appeals from the Workers' Compensation Judge's (WCJ) order denying benefits on the basis that he was not employed by Nelson Meats, Inc., and Larry and Ben, LLC (Nelson Meats) at the time of his injury. This Court issued a calendar notice proposing to summarily affirm. Franco filed a memorandum in opposition to the proposed disposition. Not persuaded by Franco's arguments, we affirm.

{2}     Franco argues that this Court reframed the issue raised in a manner that places the WCJ's findings on a deferential pedestal that the findings do not deserve under the appropriate standard of review. [DS 1-2] Initially, we note that Franco's reliance on *Harger v. Structural Services., Inc.*,1996-NMSC-018, 121 N.M. 657, 916 P.2d 1324, in framing the issue is misplaced. *Harger* enumerates factors to consider in evaluating the right to control as exercised by an employer when determining whether a worker is an independent contractor, servant, or employee. *Id.* ¶¶ 12-13. At issue here is not whether Franco was an independent contractor or a servant/employee, but whether he was even an employee of Nelson Meats at the time of his injury.

{3}     Insofar as Franco asserts that our review was unduly deferential, we disagree. "Generally speaking, whole record review of WCJ determinations is deferential." *Sanchez v. Zanio's Foods, Inc.*, 2005-NMCA-134, ¶ 11, 138 N.M. 555, 123 P.3d 788. "We view the evidence in the light most favorable to the agency decision, but may not

view favorable evidence with total disregard to contravening evidence." *Barela v. ABF Freight Sys.*, 1993-NMCA-137, ¶ 21, 116 N.M. 574, 865 P.2d 1218 (internal quotation marks and citation omitted). Nevertheless, "[a]lthough there [is] contrary evidence, it is for the trial judge, not this Court, to determine the credibility of witnesses and weigh the evidence." *Todacheene v. G & S Masonry*, 1993-NMCA-126, ¶ 6, 116, N.M. 478, 863 P.2d 1099.

**{4}** To the extent Franco reasserts the conflicting evidence [MIO 5-8], "where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks and citation omitted). Based on the whole record, we proposed to affirm that the evidence supported the WCJ's conclusion that Franco was not an employee of Nelson Meats. [CN 5] Because Franco does not otherwise point to any error in fact with this Court's proposed disposition, we affirm. *See Hennessy v. Duryea*,1998-NMCA-036, ¶ 24, 124 N.M. 754, 760, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}** For all of these reasons, and those stated in the notice of proposed disposition, we affirm.

{6}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**EMIL J. KIEHNE, Judge**

_____
**DANIEL J. GALLEGOS, Judge**