JOSEPH A. FOURNIER D/B/A ROYAL SIDING & ROOFING CO.
*vs.*
MAINE EMPLOYMENT SECURITY COMMISSION

Androscoggin.   Opinion, February 5, 1965

*John G. Marshall,* for Plaintiff.

*Frank A. Farrington, Asst. Atty. Gen.,*
*Milton L. Bradford, Asst. Atty. Gen.,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

WEBBER, J.   The appellant Fournier is engaged in the business of selling and installing roofing and siding ma-

terials. He is admittedly a covered employer within the meaning of the Maine Employment Security Law, R. S., 1954, Chap. 29 (now 26 M.R.S.A. Sec. 1041 *et seq.*). The only issue raised is whether or not additional contributions are due from appellant based upon remuneration paid as "commissions" to "salesmen" in 1959 and subsequently. The appellant denies liability and contends that the individuals who received such remuneration were without exception independent contractors, brokers or so-called "free lancers" and not employees within the meaning of the Act.

Decision necessarily rests on the application of the so-called ABC tests set forth as R. S., 1954, Chap. 29, Sec. 3, Subsec. XI, Par. E, Subpar. 1, 2 and 3; now 26 M.R.S.A. Sec. 1043 - 11E (1, 2, 3). Exemption is established only if all three conditions are met. *Hasco Mfg. Co.* v. *MESC* (1962), 158 Me. 413, 185 A. (2nd) 442. The Commission found that the employer had failed to meet any of the three required tests. On appeal the Superior Court determined as a matter of law that the Commission was in error as to proof of the A and B tests but sustained its conclusion with respect to the C test. Since the employer may prevail here only if the decision below was "clearly erroneous" (*Hasco, supra*), we confine ourselves to the allegation of error with respect to the C test as set forth in Subparagraph 3.

The pertinent portion of the statute is as follows:

"E. Services performed by an individual for remuneration shall be deemed to be employment subject to the provisions of this chapter unless and until it is shown *to the satisfaction of the commission that:* * * * and

3. Such individual is customarily engaged in an independently established trade, occupation, profession or business." (Emphasis ours.)

It is not disputed that certain individuals received remuneration from the appellant treated on his books as

"commissions" paid for services rendered. The latter then has the burden of satisfying the Commission as to the application of the elements of the C test set forth in Subparagraph 3 above to these individuals. In this connection the Commission stated in its decision, "We find that the salesmen in question are not engaged in an independently established trade, occupation, profession or business."

The record before us discloses no error. We are not informed as to the names of the persons whose remuneration has been included for computation purposes. The sole witness with respect to the C test was the appellant himself. His testimony was in general terms and with respect to other alleged business activities of his "salesmen" may properly have been regarded by the Commission as vague and inconclusive. None of the so-called "salesmen" was presented to describe his business activities apart from services performed for the appellant. There was no other independent or impartial evidence as to the activities of these individuals. Reference was made by the appellant to his business transactions with a firm known as Lotti & Stuart. This testimony was not helpful since it appears that Lotti & Stuart was treated for computation purposes as a straight subcontractor and was not included as a claimed "employee." Reference was also made to a Mr. Goldstein but the record is nowhere clear as to whether or not he was ever paid for services and, if so, when or in what amount. The appellant testified in part with respect to Mr. Goldstein: "So, when I seen that that was the kind of man he was, I refused to take his contract and I told him that I wouldn't have no business with him whatsoever." Whether or not Mr. Goldstein may have operated an independent business is not material unless it is first shown that an effort is being made to treat him as an "employee" of the appellant. The same may be said of references in the testimony as to alleged independent activities of a Mr. Bergeron. The appellant indicated that there are at least

three other unnamed "salesmen" who "really never sold for anybody but (appellant)."

We cannot see beyond the record here presented. The weight and credibility of the appellant's testimony was for the Commission. We can only say that the evidence before us does not show with any certainty whatever that each of these unidentified "employees" was "customarily engaged in an independently established trade, occupation, profession or business" as required by the so-called C test.

*Appeal denied.*