3 Wn. App. 503 (1970)
476 P.2d 138
In the Matter of the Assessment of Contributions or Interest Against JOSEPH C. MILLER.
JOSEPH C. MILLER, Respondent,
v.
THE WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, Appellant.
No. 160-2.
The Court of Appeals of Washington, Division Two.
October 28, 1970.
Slade Gorton, Attorney General, and Robert J. Gunovick, Assistant, for appellant.
Lester Stritmatter, for respondent.
PETRIE, J.
In September, 1966, Joseph C. Miller, a logging contractor, entered into a contract with owners of timber to log all merchantable timber on a 230-acre parcel of land in Grays Harbor County. Miller had his own logging crew who performed yarding and loading operations, but he subcontracted the falling and bucking operations to Louis Uitto and William Fuller.
The written subcontract provided simply that Miller would pay Uitto and Fuller $3.85 per thousand, net scale, for falling and bucking all timber over 4 inches in diameter *504 on the 230 acres; directed that Uitto and Fuller would furnish their own accident insurance; and provided that either party could terminate the contract upon 10 days notice. Uitto and Fuller personally felled and bucked the timber on the tract of land as pointed out to them by Miller; provided their own equipment and transportation; and in return, were remunerated in accordance with the agreed price.
The present problem arose when the commissioner of Employment Security, after an administrative hearing, determined (1) that the activities of Uitto and Fuller constituted "personal services" within the meaning of RCW 50.04.100[1] and (2) that such services did not meet the threefold exemption test required by RCW 50.04.140:
Services performed by an individual for remuneration shall be deemed to be employment subject to this title unless and until it is shown to the satisfaction of the commissioner that
(1) such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and
(2) such service is either outside the usual course of business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and
(3) such individual is customarily engaged in an independently established trade, occupation, profession, or *505 business, of the same nature as that involved in the contract of service.
Having so held, the commissioner thereupon assessed against Miller a contribution to the unemployment compensation fund based upon the first $3,000 remuneration paid to Uitto and Fuller under their contract.
Miller appealed the commissioner's decision to the Superior Court for Grays Harbor County. The trial court adopted the commissioner's findings of fact; concluded as a matter of law that the falling and bucking activities performed by Uitto and Fuller did constitute personal services for remuneration within the meaning of RCW 50.04.100; but further concluded as a matter of law that those same services fully met the threefold exemption tests provided by RCW 50.04.140 to the extent that those services did not constitute "employment" subject to contributions under the Employment Security Act. Accordingly, the trial court entered judgment reversing the decision of the commissioner. She has now appealed to this court.
[1] We begin our exploration of the problem presented by noting that no error has been assigned to the trial court's conclusion of law that the activities performed by Uitto and Fuller constituted personal services for remuneration pursuant to RCW 50.04.100. Such determination, therefore, becomes the law of the case binding upon this court as well as upon the parties.
[2] Secondly, we note that the exemption tests are stated in the conjunctive. Accordingly, each test must be met in order to avoid payment of contribution on the remuneration paid to Uitto and Fuller. In re All-State Constr. Co., 70 Wn.2d 657, 425 P.2d 16 (1967). In other words, if those "personal services" do not satisfy either one or the other of those tests, contributions must be assessed on the first $3,000 remuneration.[2]
*506 We prefer to focus upon the second of those tests, which requires that:
(2) such service is either outside the usual course of business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; ...
(Italics ours.) RCW 50.04.140(2).
This particular test is, itself, stated in the disjunctive. Therefore, either alternative will satisfy the requirements of the test. However, it is patently obvious that Uitto's and Fuller's services were not performed outside the usual course of Miller's business. On the contrary, Uitto and Fuller worked in conjunction with Miller's yarding and hauling crew. The uncontroverted fact is that "they remained sufficiently ahead of Miller's yarding and loading operations to maintain a constant flow of production."
[3] Hence, we turn to the other alternative, whether or not such services were performed at Miller's places of business. All of the bucking and falling activities were performed on the logging site. Therefore, the real issue reduces simply to a determination of whether or not the 230-acre tract of land was one of Miller's "places of business" during the time the contract was being performed. We hold that it was. When Miller contracted with the owners of the timber to log the 230-acre tract, that tract then became one of his places of business  a place where he and his employees on his behalf were engaged in a work effort hopefully for profit. When Miller assigned the falling and bucking operations on those same premises to Uitto and Fuller, their services were necessarily performed at one of Miller's places of business. Clearly, therefore, the services rendered do not meet the second exemption test.
Judgment is reversed and this case remanded with instruction to enter judgment affirming the commissioner's decision.
ARMSTRONG, C.J., and PEARSON, J., concur.
NOTES
[1] RCW 50.04.100 provides: "`Employment', subject only to the other provisions of this title, means personal service, of whatever nature, unlimited by the relationship of master and servant as known to the common law or any other legal relationship, including service in interstate commerce, performed for wages or under any contract calling for the performance of personal services, written or oral, express or implied.

"Personal services performed for an employing unit by one or more contractors or subcontractors acting individually or as a partnership, which do not meet the provisions of RCW 50.04.140, shall be considered employment of the employing unit: Provided, however, That such contractor or subcontractor shall be an employer under the provisions of this title in respect to personal services performed by individuals for such contractor or subcontractor."
[2] During the period in question, RCW 50.04.320 provided:

"For the purpose of payment of contributions, `wages' means the first three thousand dollars of remuneration paid by one employer during any calendar year to an individual in its employment under this title ..."