## Willard J. Bluto v. Department of Employment Security

[373 A.2d 518]

No. 290-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed April 5, 1977

*David Watts*, Vermont Legal Aid, Inc., Burlington, for Plaintiff.

*Michael F. Ryan* and *David M. Wilson*, Montpelier, for Defendant.

**Daley, J.** This case is an appeal from the decision of the Vermont Employment Security Board denying the appellant's claim for unemployment compensation benefits. The Board adopted in toto the findings of fact, conclusions and decision rendered by the appeals referee. In this Court, the claimant challenges the determination that he is ineligible for benefits because the service which he performed was "self employment". The sole issue before us is whether, on the basis of the evidence presented, this ruling that the claimant was self-employed during the pertinent time period can be sustained.

The statute which governs this matter is 21 V.S.A. § 1301(6)(B):

> Services performed by an individual for wages shall be deemed to be employment . . . unless and until it is shown to the satisfaction of the commissioner that: (i) Such

individual has been and will continue to be free from control or direction over the performance of such services . . . and (ii) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (iii) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

In view of the uncontested finding that the claimant was employed as a carpenter for a period of over twenty weeks at a wage rate of $4.00 an hour, it is apparent that he was performing services "for wages" as contemplated by 21 V.S.A. § 1301(12). The claimant is therefore entitled to benefits unless the employer can demonstrate that the claimant's services fall within all three concomitant conditions of § 1301(6)(B). *In re Smith, Bell & Hauck Real Estate, Inc.*, 132 Vt. 295, 297, 318 A.2d 183 (1974); *Hasko Manufacturing Co.* v. *Employment Security Commission*, 158 Me. 413, 185 A.2d 442, 443 (1962).

It should be noted at the outset that in neither the claims referee's findings and conclusions nor the Board's adoption of such was an attempt made to weigh and evaluate the evidence within the framework of § 1301(6)(B). While this defect hampers our review of the claim for benefits, we will nevertheless search the record to determine if the findings adopted by the Board are supportable. Cf. *Kuhn* v. *Department of Employment Security*, 134 Vt. 292, 295, 357 A.2d 534 (1976).

The following salient facts are shown by the record. In February, 1975, the claimant entered into an agreement with the employing corporation to work as a carpenter in Grand Isle County, Vermont. From that time to August, 1975, the claimant received periodic payment by check made out by the corporation or its authorized agent. From February to May, the claimant engaged in building an addition to a house owned by the corporation. This structure was acquired by the employing corporation as investment property and was being used for the purpose of securing rental income. It was found by the claims referee that in June, 1975, the claimant became engaged in a job identified by the parties as the "Collins job". This job lasted for two months, during which time the claimant was still receiving periodic payments from the employing corporation. One other

individual who was admittedly an employee of the corporation also worked on the "Collins job"; it was this person's understanding that the claimant was, during this time, employed by the corporation as a foreman. The claimant later engaged in services for an enterprise of the corporation; the Department conceded during its argument before the Court that the claimant met the statutory definition of "employment" while he was with this enterprise.

In reviewing this claim for unemployment compensation benefits, it must be borne in mind that the Legislature, in setting forth the three-part test for determining "employment" in 21 V.S.A. § 1301(6)(B), intended to depart from the strict common law concepts of "master and servant" and "independent contractor". *Vermont Securities, Inc.* v. *Unemployment Compensation Comm.*, 118 Vt. 196, 200, 104 A.2d 915 (1954). The Board's determination that the claimant was "self-employed" cannot be reviewed on the basis of these common law concepts; it must be considered an implied finding by the Board that the employer has presented sufficient evidence to establish that the claimant falls within the three concomitant conditions of the statute. In order for this finding to stand, it must be supported by the evidence presented during the course of the proceedings below. *Albin* v. *Department of Employment Security*, 134 Vt. 120, 121, 352 A.2d 678 (1976). The statutory exemption with regard to the "employment" definition is established only if all three conditions are met; failure on the part of the employer to demonstrate the claimant's relation to even one condition will result in the determination that he is entitled to benefits. *Vermont Securities, Inc.* v. *Unemployment Compensation Comm.*, *supra*, 118 Vt. at 200-01; *State* v. *Stevens*, 116 Vt. 394, 397, 77 A.2d 844 (1951); *Fournier* v. *Employment Security Commission*, 161 Me. 48, 206 A.2d 925, 926 (1965).

Clause (ii) of § 1301(6)(B) specifies that services shall be deemed to be "employment" unless and until it is shown by the employer that such services were performed outside the employer's usual course of business or that they were performed outside of the places of business of the employer's enterprise. The essential question in this case, therefore, is whether such a showing has been made.

The findings of fact adopted by the Board, being silent with respect to this matter, are of little assistance in resolving this

question. The entire record provides a scarce evidentiary basis for determining the employer's usual course of business and the place of business of its enterprise. Since the burden of proof rests with the employer to establish this exception, this evidentiary defect will inure to its detriment. However, from the record, it is apparent that during the material time periods the claimant was engaged in providing services to the employer in Grand Isle County, the business area in which it operated. This undisputed evidence is sufficient to show that the services were performed within the place of business of the employer's enterprise. *In re Bargain Busters, Inc.*, 130 Vt. 112, 118, 287 A.2d 554 (1972). In addition, the claimant contends that his carpentry work was performed in furtherance of the employer's building and structural improvement plan and that such services were necessary for the employer's rental enterprises, this being an integral part of the usual course of its real estate endeavors. There was no credible or reasonable evidence produced during the proceedings which would contradict or otherwise challenge the claimant's contention on this point. Indeed, the fair and reasonable inferences drawn from the evidence would support his view. We therefore hold that the employer has failed to establish that the services of the claimant were performed outside its usual course of business or were performed outside the places of business of its enterprise. 21 V.S.A. § 1301(6)(B)(ii). The claimant is entitled to unemployment compensation benefits.

Moreover, we entertain grave doubts as to whether any evidence was presented which would support the implied finding that the claimant was "customarily engaged in an independently established trade, occupation, profession or business", 21 V.S.A. § 1301(6)(B)(iii). We have construed this subsection to require that a showing be made that the claimant was engaging in such independent activity "at the time of rendering the service involved". *Vermont Securities, Inc.* v. *Unemployment Compensation Comm.*, *supra*, 118 Vt. at 201. While some evidence was presented to support the view that the claimant had, in the past, engaged in an independently established carpentry trade, we find no persuasive evidence which would demonstrate that, at the time that he rendered the service in question, the claimant was able to engage in this independent activity "without any hindrance from any individual whatsoever". *Id.*

In light of the lack of sufficient evidence to support the Board's implied finding that the claimant was not employed as defined by 21 V.S.A. § 1301(6)(B), its conclusion that he is not entitled to unemployment compensation benefits cannot stand.

*The judgment of the Employment Security Board denying unemployment benefits to the claimant is reversed. The cause is remanded for the computation and award of such benefits to which the claimant is entitled.*