# Vermont Institute of Community Involvement, Inc. v. Department of Employment Security

[436 A.2d 765]

No. 183-80

Present: Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed September 1, 1981

*Bing, Bauer & Gravel,* and *Blodgett & McCarren,* Burlington, for Plaintiff.

*Matthew R. Gould,* Montpelier, for Defendant.

**Hill, J.** Vermont Institute of Community Involvement, Inc., now known as Burlington College, appeals an assessment levied by the Department of Employment Security pursuant to 21 V.S.A. §§ 1329, 1330 for contributions owed to the State Unemployment Compensation Fund.

The College employs eleven full-time, mainly administrative staff, for whom the College contributes to the fund. This controversy involves the College's employment relationship with its faculty members, who are primarily adjunct and have written contracts with the school. Time and place of instruction is set without the College's supervision, and rarely at a location provided by the employer. A minimum number of hours of instruction is required for each course. The College's articles of association indicate that the school was created to: receive and administer funds for education; employ qualified persons to teach and administer academic programs; and confer degrees as authorized by the Board of Education.

Faculty members are paid according to the size of student enrollment in their classes. Prior to approving a course, the College requires a faculty member to submit a course description and resume of qualifications for teaching. At the end of a course, a faculty member must submit a written evaluation of each student's work.

21 V.S.A. § 1326 requires employers to contribute to the State's Unemployment Compensation Fund a sum equivalent to a certain percentage of the taxable wages paid to employees. The College first became aware in 1973 that it might be liable for contributions based upon the remuneration paid to its adjunct faculty members. However, following correspondence in 1973 and 1974, the Department of Employment Security concluded, although not in a formal decision, that the services performed for the College by appellant's adjunct faculty members did not constitute "employment" within the meaning of 21 V.S.A. § 1301 (6) (B), so the College was not liable for payment. See also 21 V.S.A. § 1301 (12). During that time, adjunct faculty members' claims for unemployment com-

pensation benefits were consistently rejected, apparently because the individuals had not performed services in covered "employment."

The Department in 1977 or 1978 reconsidered the issue of the status of the services performed by the College's faculty members and concluded that their work was covered "employment" within the meaning of the Vermont Unemployment Compensation Statute, and that the College consequently was an "employer" within 21 V.S.A. § 1301(5). An audit followed and the Department issued an Assessment for Contribution and Interest which is the subject of this appeal.

The College's initial challenge to the assessment resulted in a finding by the appeals referee that the employer was liable for the amount levied. The Employment Security Board then heard an appeal and sustained that portion of the referee's decision finding the services performed by the adjunct faculty members were covered "employment," and holding the employer liable for payment of contributions. However, in balancing the equities of the case, the Board vacated assessment for the years 1978 and before, based upon the Department's previous assurances that the College would not be liable under Title 21.

One question was certified pursuant to V.R.A.P. 13(d) for our consideration on appeal:

> Whether the conclusions of the Vermont Employment Security Board, that the services performed by individuals called adjunct faculty constituted "employment" within the meaning of 21 V.S.A. § 1301(6) and that, accordingly, the appellant was an "employer" within the meaning of 21 V.S.A. § 1301(5), is supported by the record and correct as a matter of law.

## I.

A service performed by an individual for wages is deemed employment and thus subjects the employer to the Title 21 assessment unless it can be shown that:

> (i) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

(ii) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(iii) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

21 V.S.A. § 1301 (6) (B). See also *In re Bargain Busters, Inc.*, 130 Vt. 112, 117, 287 A.2d 554 (1972); *Vermont Securities, Inc.* v. *Unemployment Compensation Commission*, 118 Vt. 196, 200, 104 A.2d 915 (1954). For an employer to satisfy the provision, all three conditions of this test (customarily called the "ABC" test) must be met, and an inability to satisfy any one will result in the conclusion that the relationship constitutes employment for purposes of the statute. *Bluto* v. *Department of Employment Security*, 135 Vt. 205, 208, 373 A.2d 518 (1977); *Vermont Securities, Inc., supra,* 118 Vt. at 200, 104 A.2d at 917.

The employer in the case at bar, in fact, is unable to satisfy any of the three provisions.

## II.

The first provision, 21 V.S.A. § 1301 (6) (B) (i), is referred to as the "control test." See *In re Bargain Busters, supra,* 130 Vt. at 117, 287 A.2d at 558. Appellant would have to prove that the adjunct faculty members are free from the College's control in performing its responsibilities. The statute does not require that actual control be exercised by the employer; the mere right of control is all that is contemplated. *Id.*

Appellant urges upon the Court the theory that the College's loose structure and innovative organization with maximum independence being given to faculty to structure courses signify that faculty members are free from control. We disagree. While the College may function in a manner assuring great academic freedom, faculty still must follow an approved course description, teach a certain number of hours and evaluate each student at the course's end. The College theoretically requires each teacher to attend a pre-semester orientation session and three faculty meetings per semester, and though not strictly

followed, the College retains the right to enforce that requirement. The employer thereby has failed to demonstrate that the faculty is free from the type of control contemplated by 21 V.S.A. § 1301.

### III.

■■ With regard to 21 V.S.A. § 1301(6)(B)(ii), the College contends that it is in the business of an educational broker. As such, the school claims that it is not in the business of providing courses, but rather of arranging courses to be provided. Appellant consequently contends that the services performed by the faculty are not part of the employer's business, nor are they performed within the employer's place of business since the courses are taught in localities away from the home offices.

The appellant's articles of association, however, make clear that the College was created to employ teachers, administer educational programs and confer degrees. The College actively participates in performing those tasks and in supervising its employees who are hired to fulfill the College's stated goals. In addition, we stated in *In re Bargain Busters, Inc., supra,* 130 Vt. at 118, 287 A.2d at 558–59:

> We do not construe "outside the usual course of business" or "outside of all places of business" to mean simply the home office or headquarters of the company. The places of business include these but also as well the business territory within which it operated . . . .

An employer's place of business includes not only the location of its offices, but also the entire area in which it conducts the business, in this instance the educating of students. The services performed by the College's faculty are conducted within the appellant's place of business for purposes of Title 21.

### IV.

■■ To satisfy 21 V.S.A. § 1301(6)(B)(iii), the College would have to demonstrate that the teachers are regularly engaged in independently established occupations. Appellant claims that since the faculty members are not full-time teachers and, in fact, are all engaged primarily in nonteaching trades, that that prong of the ABC test is satisfied.

However, our cases make clear that in order to satisfy this provision, the employees must be independently established providing the same or similar services as they provide for the employer. See *Bluto, supra,* 135 Vt. at 209, 373 A.2d at 521; *In re Bargain Busters, Inc., supra,* 130 Vt. at 119, 287 A.2d at 559; *Vermont Securities, Inc., supra,* 118 Vt. at 201, 104 A.2d at 917. By the College's own admission such is not the case here.

## V.

The Department of Employment Security does not challenge the portion of the decision reversing the referee's assessment of liability, so we need not consider the propriety of that aspect of the case.

*The certified question is answered in the affirmative, and the ruling of the Department of Employment Security is affirmed.*