## John W. Price t/a John W. Price Siding Co. v. Department of Employment and Training

[549 A.2d 641]

No. 87-041

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed June 3, 1988

*David F. Buckley*, Bellows Falls, for Plaintiff-Appellant.

*Brooke Pearson*, Montpelier, for Defendant-Appellee.

**Gibson, J.** Plaintiff, a vinyl and aluminum subcontractor, appeals the decision of the Employment Security Board (Board) assessing him unemployment taxes and interest. We affirm.

Plaintiff retained the services of a number of individuals to apply wooden siding to a series of condominiums. Plaintiff contends that he should not be held liable for unemployment taxes for these individuals because he did not hire them as employees, but as independent subcontractors.

■ Whether a person is an "employee" for purposes of unemployment compensation is determined by the use of a three-part test, commonly known as the "ABC test," under 21 V.S.A. § 1301(6)(B). Under that test, services performed by an individual for wages are deemed to be employment under the unemployment compensation laws unless and until the employer shows that (i) the individual hired is free from the control or direction of the contractor; (ii) the service provided by the individual is either outside the usual course of business for which such service is performed or is outside of the places of business for the employing enterprise; and (iii) the person who provides the service is customarily engaged in an independently established trade, occupation, profession or business. *Id.* See *Times-Argus Ass'n, Inc.* v. *Department of Employment & Training*, 146 Vt. 320, 322-23, 503 A.2d 129, 130 (1985). Under the statutory test, an individual hired to perform a task is presumed to be an employee for purposes of the statute unless all three parts of the test are met. *Bluto* v. *Department of Employment Security*, 135 Vt. 205, 208, 373 A.2d 518, 520 (1977).

The evidence supports the referee's findings, adopted by the Board, that plaintiff failed to meet his burden of proving that those whom he hired met either the second part of the test or,

with the exception of one individual, the third part of the test. This failure of proof justified a finding that the relationship between plaintiff and those he hired constituted employment for the purposes of the unemployment compensation statutes. *Times-Argus Ass'n*, 146 Vt. at 323, 503 A.2d at 131.

Plaintiff further contends that the work performed by these individuals was "casual" service within the meaning of 21 V.S.A. § 1301(6)(C)(iii) because the Board failed to determine that each individual worked for him "on each of 24 days" during each of the quarters involved. This argument was not raised by plaintiff before the referee or the Board. Inasmuch as the issue was not raised below, it will not be considered for the first time on appeal. *LaFountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 48, 330 A.2d 468, 472 (1974).

Plaintiff's third claim is that the state should be estopped from the assessment of contributions for the year 1985. "Estoppels against the government are rare and are to be invoked only in extraordinary circumstances." *In re McDonald's Corp.*, 146 Vt. 380, 383, 509 A.2d 1202, 1203-04 (1985). Furthermore, the party "who invokes the doctrine of equitable estoppel has the burden of establishing each of its constituent elements." *Fisher* v. *Poole*, 142 Vt. 162, 168, 493 A.2d 408, 411 (1982). In the instant case, plaintiff has failed to demonstrate that he was misled by the Department of Employment and Training, or that he relied to his detriment on any representation made to him by a representative of the Department, or that he suffered any injury as a result of the Department's delay in notifying him that a claim for benefits had been filed.* Therefore, plaintiff has not established that application of the doctrine of equitable estoppel is warranted herein.

*Affirmed.*

---

* All penalties and all interest that accrued during the period of delay in notifying plaintiff of the initial claim for benefits have been waived by the Department.