MISSOURI ASSOCIATION OF REALTORS, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, and Labor and Industrial Relations Commission, Respondents.

No. WD 40354.

Missouri Court of Appeals, Western District.

Oct. 25, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied Jan. 17, 1989.

Robert J. Dierkes, P.C., Bear, Hines, Thomas, Dierkes & Stamper, Columbia, for appellant.

Ninion S. Riley, Jefferson City, for respondent Div. of Employment Sec.

James B. Crenshaw, Jefferson City, for respondent Labor and Indus. Relations Comn.

Before COVINGTON, J., Presiding, and NUGENT and GAITAN, JJ.

COVINGTON, Judge.

This is an action by the Division of Employment Security (the Division) against the Missouri Association of Realtors (Association) to enforce contributions by the Association under provisions of the Employment Security Law on earnings of instructors of educational seminars and classes for the Association's member real estate agents and brokers. · From an adverse decision, the Association appeals. The judgment is affirmed.

A deputy of the Division determined on July 12, 1985, that, subsequent to January 1, 1981, certain individuals who provided instruction for educational seminars and classes of the Association performed services in "employment" as that term is defined in § 288.034.5, RSMo 1986,[1] and that remuneration received for the services constituted "wages" as that term is defined in § 288.036.

The Association appealed and, after a hearing, the Appeals Referee affirmed the Deputy's determination. · The Association then filed an Application for Review with the Labor and Industrial Relations Commission (the Commission) which issued its order denying the application, thereby adopting as its own the findings and decision of the Referee pursuant to § 288.200.1. The Association then petitioned for judicial review and the Circuit Court of Cole County affirmed the Commission's decision.

The Association is an incorporated association composed of individuals engaged in real estate marketing. In the usual course of business, the Association conducts educational seminars and classes concerning real estate related matters. In the past, the seminars have been attended primarily by individuals preparing for their real estate licensing examinations. Since July 1984, individuals have also attended classes for the purpose of continuing education.

In order to satisfy the individuals' education requirements, the seminars must comply with the standards established by the Missouri Real Estate Commission. The Association employs an individual on a full-time basis as a director of education. The Association establishes the time and place of the seminars as well as the subject to be covered. The Association provides the instructional materials for the classes. The courses and the examinations used in the seminars and classes are developed by and are the sole property of the Association. If an instructor receives poor evaluations from the attendees, the Association takes appropriate action.

The seminars are conducted in meeting rooms rented by the Association from third parties such as hotels and motels.

The Association contracts with attorneys, real estate sales persons and brokers to serve as instructors. The Association establishes the rate of compensation for the instructors' services. The instructors are compensated on an hourly rate for their classroom time. The Association reimburses the instructors for expenses such as meals and lodging. The Division determined that the compensation, but not the reimbursement, was "wages" in "employment."

Judicial review of the decisions of the Labor and Industrial Relations Commission in employment security matters is governed by § 288.210 which provides in part: "In any judicial proceeding under this section, the findings of the commission as to

1. All statutory references are to RSMo 1986.

the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." It is the function of the reviewing court to decide whether, upon the whole record, the Commission reasonably could have made its findings and drawn its conclusions. *Union–May–Stern Co. v. Industrial Comm'n*, 273 S.W.2d 766, 768 (Mo.App.1954).

One of the general purposes of the Employment Security Law is to provide for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. § 288.020.1. The legislature has specifically declared that the law is to be construed liberally to accomplish that purpose. § 288.020.2. Generally, the tax provisions of a statute are strictly construed against the taxing authority. The tax provisions of the Employment Security Law, however, "are incidental to its paramount and remedial purpose of relief, and a liberal construction of 'employer' and 'employment' is warranted to secure that purpose." *Beal v. Industrial Comm'n*, 535 S.W.2d 450, 458 (Mo.App.1975).

The issue to be decided by this court is whether upon the whole record the Commission could reasonably have found that services performed by the instructors are "in employment" of the Association under the Missouri Employment Security Law, chapter 288, and that such services do not fall within the independent contractor exclusion of § 288.034.5.

The statutory test for determining whether an individual is an independent contractor under the Employment Security Law is found in § 288.034.5, which states as follows:

> Irrespective of the usual tests for determining the existence of the independent contractor relationship as at common law, service performed by an individual for remuneration shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that:

> (1) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

> (2) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

> (3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

Section 288.034.5 requires that each and every subsection must be satisfied before an individual will be deemed to be an independent contractor. Subsections (1), (2) *and* (3) of § 288.034.5 must be met because they are in the conjunctive. *Heritage Exteriors, Inc., v. Labor & Indus. Rel. Comm'n*, 669 S.W.2d 625, 627 (Mo.App. 1984); *Koontz Aviation, Inc. v. Labor & Indus. Rel. Comm'n*, 650 S.W.2d 331, 334 (Mo.App.1983).

In adopting the findings and decision of the Tribunal, the Commission's findings and conclusions included a determination that the services of the instructors were not performed outside of all places of business of the Association because the rented meeting room is considered a place of business of the Association, and, further, that the Association had failed to show that the instructors were independently established as teachers of review courses. The Commission, therefore, found that the Association failed to meet both the second and third subsections of the § 288.034.5 test.

Because the requirements of all of the subsections of § 288.034.5 must be met in order to establish the status of independent contractor, disposition of this appeal may be made by addressing the Association's initial point, which challenges the Commission's findings and conclusions relevant to the second requirement of § 288.034.5. The Commission's findings and conclusions are correct.

■ The Association asserts that the Commission erroneously declared and applied the law to the facts in determining

that a motel meeting room is a "place of business" of the Association. Section 288.-034.5(2) requires that the service performed is either outside the usual course of business for which such service is performed or that such service is performed outside of all of the places of business of the enterprise for which such service is performed. In order for the services at issue to be exempt, it must be shown that they were performed outside of all of the places of the Association's business since it was conceded that the services were within the usual course of the Association's business.

Neither party has cited the court to any case construing the term "places of business" as used in this context. Although this is a case of first impression in Missouri, there is substantial authority in other jurisdictions with identical statutes, all of which broadly construe the term.

■ An employer's place of business is generally understood to include not only the location of its offices but, also, the entire area in which it conducts its business. In *Vermont Inst. of Community Involvement, Inc. v. Dep't of Employment Sec.*, 140 Vt. 94, 436 A.2d 765 (1981), where one of the college's purposes was to provide educational programs, and adjunct faculty taught courses in localities away from the college's offices, the college was required to contribute to the unemployment compensation fund for adjunct faculty even though the time and place of instruction was set without the college's supervision and rarely at a location provided by the employer. Noting that the employer's place of business includes not only the location of its offices but also the entire area in which it conducts business, the court found that, since the college was in the business of educating students, the adjunct faculty was conducting classes within the college's place of business.

In *Life & Casualty Ins. Co. v. Unemployment Compensation Comm'n*, 178 Va. 46, 16 S.E.2d 357 (1941), the court held that places where agents made collections for the company were places of business for purposes of the independent contractor exclusion. "We do not construe 'places of business' to mean the headquarters of the employer or the office premises of the employer but of all the places of business." *Id.* at 56, 16 S.E.2d at 361.

In *Miller v. Washington State Employment Sec. Dep't*, 3 Wash.App. 503, 476 P.2d 138 (1970), a logging contractor entered into a contract with owners of timber to log all merchantable timber on a 230-acre parcel of land in Grays Harbor County. The logging contractor had his own logging crew that performed yarding and loading operations, but he subcontracted falling and bucking operations to two individuals whom he subsequently sought to have designated as independent contractors for the purposes of unemployment compensation assessment. The issue was whether or not the 230-acre tract of land was one of the "places of business" of the employer during the time the contract was being performed. The court found that, when the logging contractor contracted with the owners of the timber to log the 230-acre tract, "that tract then became one of his places of business—a place where he and his employees on his behalf were engaged in a work effort hopefully for profit." *Id.* at 506, 476 P.2d at 141. When the logging contractor assigned the falling and bucking operations on the tract, those services were necessarily performed on one of the contractor's places of business. *Id.*

In *Clayton v. State*, 598 P.2d 84 (Alaska 1979), Clayton was engaged in the business of cutting and marketing logs. He bid on and received a lease to harvest timber from a state-owned parcel and engaged a number of persons to cut the wood and deliver it to his mill. These workers were paid according to their production. They owned their own equipment, worked without supervision, and set their own hours. Clayton claimed that his only place of business was his mill and that the workers at the leasehold premises were performing services outside of all of his places of business. The court found the argument unrealistic and reasoned that Clayton's business involved processing lumber; therefore, the tract on which Clayton bid and won a con-

tract to harvest timber must be considered a place of business. *Id.* at 86.

In *Schuffenhauer v. Dep't of Employment Sec.*, 86 Wash.2d 233, 543 P.2d 343 (banc 1975), Schuffenhauer was a wholesaler of clams. He employed one salaried full-time employee. The other workers who dug clams for him controlled their own hours, subject to the tides, and they were not required to harvest a specific number of clams. The court found that the clam digging took place on land leased by Schuffenhauer, and, thus, the service performed was not outside all places of Schuffenhauer's business. *Id.* at 237, 543 P.2d at 347.

In the present case, the facts are undisputed that in the usual course of its business the Association conducts educational seminars and classes concerning real estate related matters. The instruction takes place in rooms rented by the Association. Under any of the cases cited above, all of which hold that an employer's place of business includes not only the location of its offices but also the entire area in which it conducts its business, the rooms rented by the Association for the purpose of conducting seminars and classes are "places of business" within the meaning of § 288.034.5(2).

The Association argues that the interpretation given to "places of business" by the Commission makes satisfaction of the test impossible and, thus, renders the statute meaningless. The holding in *Wallace v. Annunzio*, 411 Ill. 172, 103 N.E.2d 467 (banc 1952), decided under an identical statute, however, refutes appellant's assertion. In *Wallace*, associates of a patent law firm performed services both for the firm and for themselves within their own offices and with facilities paid for by them from a percentage of the fees credited to them. The court noted that the place of performance could be regarded as though there were a landlord-tenant relationship between the parties and found that the services provided by the associates for the firm were performed outside of all the places of business of the enterprise for which such service was performed.

Consequently, although the second alternative of § 288.034.5(2) may not easily be met, the task is not insurmountable upon the presentation of facts which are distinguishable from those of the present case.

The judgment is affirmed.

All concur.