SPEEDWAY MOTORS, INC., APPELLANT, V. COMMISSIONER OF LABOR AND BARBARA M. GORACKE, APPELLEES.

510 N.W.2d 341

Filed March 30, 1993. No. A-91-275.

Ben L. Anderson, of Anderson Law Offices, for appellant.

Laureen Van Norman and John F. Sheaff for appellee Commissioner of Labor.

James C. Zalewski, of Erickson & Sederstrom, P.C., for appellee Goracke.

CONNOLLY, MILLER-LERMAN, and WRIGHT, Judges.

WRIGHT, Judge.

Speedway Motors, Inc., appeals from the district court's affirmance of the decision by the Nebraska Appeal Tribunal which affirmed a claims deputy's determination that Barbara M. Goracke, a former Speedway employee, was entitled to unemployment compensation benefits. Speedway assigns as error that the appeal tribunal's decision was unsupported by competent, material, and substantial evidence and that the decision was arbitrary and capricious.

## STANDARD OF REVIEW

An appeal to the district court of a decision by a state agency is reviewed de novo on the record of the agency if the petition was filed in the district court on or after July 1, 1989. An appeal to the Court of Appeals under the Administrative Procedure Act, if filed in the district court on or after July 1, 1989, shall be reviewed for errors appearing on the record. See, *Nebraska Dept. of Correctional Servs. v. Hansen*, 238 Neb. 233, 470 N.W.2d 170 (1991); Neb. Rev. Stat. §§ 84-917 and 84-918 (Cum. Supp. 1992).

Regarding questions of law, an appellate court has an obligation to reach its conclusions independent of the conclusions reached by the trial court. *Professional Serv. Indus. v. J. P. Construction*, 241 Neb. 862, 491 N.W.2d 351 (1992).

## FACTS

Goracke worked for Speedway as a clerical worker and was paid $6.20 per hour. On Thursday, August 10, 1989, Goracke submitted a 2-week notice to Speedway of her intention to resign. She stated that she quit because of verbal harassment from her employer, who constantly yelled and used profanity at

her in front of fellow employees and customers.

After giving her 2-week notice, Goracke was told to leave, but she was never told that she had been fired. Goracke filed for unemployment insurance benefits on August 15. The Department of Labor conducted an investigation which revealed that Goracke had given her employer a 2-week notice because of verbal harassment. Upon reporting for work on August 14, she was told by her employer that she should instruct another employee on what needed to be done and then leave immediately without completing the 2-week period. Her last day of employment would have been August 25 if she had been allowed to work the full 2 weeks. Goracke was not paid for August 14, the last day she reported to work, and she received no severance pay.

Speedway reported to the Department of Labor that Goracke's work was satisfactory but that she was let go immediately after she gave her notice because prior employees who resigned and remained at work during a notice period had caused trouble for other employees and talked negatively about their jobs. The claims deputy determined that Goracke was discharged after she submitted advance notice of her intention to resign and that "[a]lthough the termination may have been in the employer's best interests," the record did not establish that she was dismissed for work-related misconduct. Benefits were allowed effective August 13.

Speedway appealed from that determination, and after a hearing, the appeal tribunal affirmed the decision of the claims deputy. The appeal tribunal made the following findings of fact:

The claimant began work for this employer in February 1987, as a clerical worker. At her time of separation, on August 14, 1989, Ms. Goracke was employed as a clerical worker/customer service representative, earning $6.20 per hour. The claimant worked under the direct supervision of Charles Nichol, Sales Manager/Buyer and worked approximately 45 hours per week.

The claimant was suffering from what she considered to be verbal harassment. Ms. Goracke submitted to her employer a two-week notice of her intention to leave and

notified her employer that she would be leaving her job. The claimant's resignation was given to the employer on a Thursday. On the following Monday, Ms. Goracke was discharged from her employment, prior to the effective date of her resignation.

The claimant was not permitted to continue working until the end of her notice period, nor did her employer pay her for the remainder of the two-week notice period. The claimant subsequently applied for unemployment insurance compensation benefits.

The appeal tribunal found that there was no question of fact presented to it, because all parties agreed that Goracke had voluntarily submitted her resignation, but intended to continue working an additional 2 weeks. Prior to the end of the 2-week notice period, Goracke was discharged. The appeal tribunal found the case analogous to *In re Wiese*, 72 Neb. App. Trib. 213 (1972), in which a claimant notified an employer that she would resign in 2 weeks.

In *Wiese*, the employer hired a replacement within 3 days, at which time the claimant left her employment. The appeal tribunal held that the claimant's unemployment status resulted from the employer's decision to discharge her. The appeal tribunal expressly held in *Wiese* that a claimant's discharge prior to the effective date of intended resignation is a discharge at and for the convenience of the employer. The appeal tribunal found that it was bound to give precedential value to its previous decisions and upheld the claims deputy's determination allowing Goracke to receive compensation benefits without a period of disqualification.

Speedway filed a petition in error in the Lancaster County District Court. The district court affirmed the appeal tribunal's decision without opinion, and Speedway has appealed.

## ANALYSIS

This appeal is governed by the Administrative Procedure Act. Neb. Rev. Stat. § 48-640 (Cum. Supp. 1992). A petition in error under the Administrative Procedure Act which is filed in the district court on or after July 1, 1989, is taken in the manner provided by law for appeals in civil cases. The judgment or

order made by the district court may be reversed, vacated, or modified by the Court of Appeals for errors appearing on the record. § 84-918(3). In deciding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in the judgment under review. *Professional Serv. Indus. v. J. P. Construction*, 241 Neb. 862, 491 N.W.2d 351 (1992); *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992).

Speedway contends that Goracke's announcement of resignation terminated her employment subject to any subsequent agreement between Speedway and Goracke. Speedway contends that Goracke first resigned her position and then offered to enter into a new contract of employment for a period of 2 weeks. The findings of fact in the record do not support this position. On a Thursday, Goracke submitted a 2-week notice of her intention to leave her employment and on the following Monday was discharged prior to the effective date of her resignation. In reviewing this case, we consider the evidence most favorably to Goracke, resolve evidential conflicts in her favor, and give her every reasonable inference deducible from the evidence. See *Shahan v. Hilker*, 241 Neb. 482, 488 N.W.2d 577 (1992).

Under Neb. Rev. Stat. § 48-628(a)(1) (Reissue 1988), Goracke would be disqualified for benefits

> [f]or the week in which . . . she has left work voluntarily without good cause, if so found by the Commissioner of Labor, and for not less than seven weeks nor more than ten weeks which immediately follow such week, as determined by the commissioner according to the circumstances in each case . . . .

It is undisputed that Goracke was not discharged for misconduct connected with her work. The issue is whether an employee who gives 2 weeks' notice of her intention to terminate employment but whose employment is subsequently terminated by the employer is eligible for benefits without disqualification. A part of this issue requires us to consider whether termination of Goracke's employment within the 2 weeks relieved Goracke of the burden of proving that she left her employment with good cause. If Goracke had been allowed

to remain employed during the 2-week notice period, the burden would be upon her to show that she voluntarily left her employment and did so with good cause. See *Taylor v. Collateral Control Corp.*, 218 Neb. 432, 355 N.W.2d 788 (1984).

The question was decided in *Wiese*. In such a factual situation, the employee is relieved of the burden of establishing that the employee left work with good cause. Since the termination is for the convenience of the employer, the employee cannot be said to have left work voluntarily without good cause.

Normally, the Employment Security Law does not grant benefits to employees who leave their work purely voluntarily. *Glionna v. Chizek*, 204 Neb. 37, 281 N.W.2d 220 (1979). The circumstances of each case vary and must be considered on a case-by-case basis. *Id.* The Employment Security Law is to be liberally construed to accomplish its beneficent purposes. *McClemens v. United Parcel Serv.*, 218 Neb. 689, 358 N.W.2d 748 (1984).

Neb. Rev. Stat. § 48-607 (Reissue 1988) grants the commissioner of the Department of Labor authority to make such rules and regulations as are necessary to carry out the Employment Security Law. These rules and regulations specifically require that the appeal tribunal follow Nebraska statutes, decisions of the courts of superior jurisdiction, and previous appeal tribunal decisions, as well as applicable department rules and regulations. Therefore, the Nebraska Appeal Tribunal's decision in *Wiese* has precedential value by law and by virtue of the rules and regulations of the Nebraska Department of Labor.

Speedway had the option of accepting Goracke's 2-week notice and allowing her to work for 2 weeks. At the end of that time, Goracke could have filed for unemployment compensation benefits, but under § 48-628(a)(1), she would have had the burden of proving that she left her employment with good cause. See, *Taylor v. Collateral Control Corp., supra*; *Glionna v. Chizek, supra*. Speedway elected to terminate Goracke's employment prior to the date given in her notice. Whether Goracke was terminated for misconduct is not an

issue.

Thus, we find that Speedway's termination of Goracke was for and at the convenience of Speedway, and Goracke is entitled to unemployment compensation benefits without disqualification. The judgments of the Nebraska Appeal Tribunal and the district court are affirmed.

AFFIRMED.