BAY CONSTRUCTION COMPANY, A NEBRASKA CORPORATION, APPELLANT, V. DAN DOLAN, COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLEE.

513 N.W.2d 555

Filed March 22, 1994.   No. A-92-693.

Robert F. Peterson, of Laughlin, Peterson & Lang, for appellant.

John F. Sheaff and Laureen Van Norman for appellee.

SIEVERS, Chief Judge, and IRWIN and MILLER-LERMAN, Judges.

IRWIN, Judge.

This appeal involves the question of whether Steven Shurter, a carpenter temporarily retained by Bay Construction Company (Bay), was an employee or an independent contractor. The question is one to be resolved in accordance with Neb. Rev. Stat. § 48-604 (Reissue 1988). If Shurter was an employee, Bay is required to make contributions for unemployment insurance benefits on his behalf. In order for Bay to prevail, the evidence must show that Bay satisfied three requirements of the above statute. We find that Bay failed to meet the statutory requirement of § 48-604(5)(b) that services provided by Shurter were "performed outside of all the places

of business of the enterprise." Therefore, we affirm the decision of the district court.

## FACTUAL BACKGROUND

Bay is a Nebraska corporation engaged in the construction business, doing general carpentry and remodeling work. The company's business address is 6716 South 78th Street, Ralston, Nebraska, and it is owned by two brothers, who perform the lion's share of the work, and their mother. Most of the work is performed at various jobsites. In late December 1989, Shurter contacted the brothers at a jobsite, looking for "a month or two" of work. On January 5, 1990, Shurter signed a subcontract agreement with Bay. Due to weather conditions, Bay was falling behind schedule and needed someone to "build some roofs over the porches" of duplexes it was constructing at 19th and Grace in Omaha and to perform other miscellaneous carpentry. Shurter proceeded to perform these carpentry services and was paid on an hourly basis for some work and a set fee for other work. All the construction work was the kind normally performed by Bay.

On May 16, 1991, an unemployment insurance tax administrator determined that the monies paid to Shurter by Bay for these carpentry services were wages as defined by Neb. Rev. Stat. § 48-602(15) (Reissue 1988) of the Employment Security Law and that Bay was liable for unemployment insurance contributions.

Bay appealed that decision to the appellee, Dan Dolan, the Commissioner of Labor (Commissioner), who accepted a hearing officer's recommendation affirming the original determination of Bay's responsibility for contribution. Bay then appealed to the district court, which affirmed the Commissioner's determination of liability. This timely appeal followed.

## STANDARD OF REVIEW

■ An appeal to the Court of Appeals under the Administrative Procedure Act, if filed in the district court on or after July 1, 1989, shall be reviewed for errors appearing on the record. *Speedway Motors v. Commissioner of Labor*, 1 Neb. App. 607, 510 N.W.2d 341 (1993). See, also, *City of Omaha v.*

*Wade,* 1 Neb. App. 1168, 510 N.W.2d 564 (1993).

■ The standard of review in an error proceeding involving an administrative agency is that both the district court and an appellate court review the record to determine whether the agency acted within its jurisdiction and whether there is relevant evidence to support the decision. *Geringer v. City of Omaha,* 237 Neb. 928, 468 N.W.2d 372 (1991).

When a petition seeking review of an agency decision is filed in the district court on or after July 1, 1989, the appeal shall be taken in the manner provided by law for appeals in civil cases. The judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. *Nucor Steel v. Balka,* 2 Neb. App. 138, 507 N.W.2d 499 (1993).

■ Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *T.O. Haas Tire Co. v. Futura Coatings, Inc.,* 2 Neb. App. 1, 507 N.W.2d 297 (1993); *Warsocki v. City of Omaha,* 1 Neb. App. 874, 510 N.W.2d 446 (1993).

This action was filed after July 1, 1989.

## ASSIGNMENT OF ERROR

Bay contends on appeal that the district court erred in determining that the services performed by Shurter were not "performed outside of all the places of business of the enterprise for which such service is performed," as required by § 48-604(5)(b).

## ANALYSIS
### § 48-604(5)(b).

The statute which defines an independent contractor and which therefore controls this matter is § 48-604. See *Commissioner of Labor v. Lyric Co.,* 224 Neb. 190, 397 N.W.2d 32 (1986). Section 48-604 states as follows:

(5) Services performed by an individual for wages shall be deemed to be employment, unless it be shown to the satisfaction of the commissioner that (a) such individual has been and will continue to be free from control or direction over the performance of such services . . . (b)

such service is either outside the usual course of the business for which such service is performed or *such service is performed outside of all the places of business of the enterprise for which such service is performed*, and (c) such individual is customarily engaged in an independently established trade, occupation, profession, or business. The provisions of this subdivision are not intended to be a codification of the common law and shall be considered complete as written.

(Emphasis supplied.)

We have found no Nebraska statute or case that defines the phrase "places of business" in the context of § 48-604(5). We have reviewed *Erspamer Advertising Co. v. Dept. of Labor*, 214 Neb. 68, 333 N.W.2d 646 (1983), and *State v. Saville*, 219 Neb. 81, 361 N.W.2d 215 (1985), both of which entail § 48-604(5), but neither case deals categorically with § 48-604(5)(b). Thus, this is a case of first impression.

In view of the uncontested finding that Shurter was employed as a carpenter for a period of time and was paid an hourly wage for some work and a flat fee for other work, it is apparent that he was performing services for wages as contemplated by the statute. See § 48-602(15). Bay does not dispute this. Therefore, Bay is obligated to make contributions for Shurter unless Bay can demonstrate that Shurter's services fall within all three conjoined conditions of § 48-604(5). See *Groene v. Commissioner of Labor*, 228 Neb. 53, 421 N.W.2d 31 (1988). Failure to satisfy any subsection will result in a determination, for purposes of the Employment Security Law, that Shurter was an employee and not an independent contractor.

In examining Bay's contention that Shurter was an independent contractor, it must be remembered that the Legislature created this three-part test of § 48-604(5), sometimes referred to as "the ABC test," and intended to depart from the common-law concepts of master and servant and independent contractor. See *Commissioner of Labor v. Lyric Co., supra*.

The Commissioner adopted the hearing officer's recommendation, which included findings of fact, and held Bay

liable. The conclusion was reached that part of the ABC test was not met, specifically that the requirements of § 48-604(5)(b) were not present. In order for this determination to stand, it must be supported by the evidence presented. Section 48-604(5)(b) requires that services shall be deemed to be "employment" unless the employer shows that they were performed "outside the usual course of the business" or that they were performed "outside of all the places of business" of the employer's enterprise.

## FINDINGS OF FACT

The recommendation adopted by the Commissioner detailed that

[t]he second part of the definition requires that services performed by Steve Shurter were either outside the usual course of the business or such services were performed outside of all the places of business of the enterprise. Here, the services performed by Mr. Shurter were the exact same work that Bay Construction performs. Bay Construction engages the services of Mr. Shurter and others when it is busy and is unable to do the work itself. Furthermore, by the very nature of its business, all the work performed must be done at the various job sites which changes [sic] periodically. Therefore, the places of business of the enterprise is [sic] each individual job site. The evidence presented indicates that all work performed was in fact done at these various job sites. It is the opinion of this Hearing Officer that Steve Shurter did not provide his services outside the usual course of business of Bay Construction or outside of all the places of business of the enterprise.

Bay concedes that "the services done by Steve Shurter are services which [Bay] performs." Brief for appellant at 5. However, Bay argues that it satisfied the second option available under § 48-604(5)(b). Bay argues that it is a Nebraska corporation and maintains, "as its place of business," an office located in Ralston. Brief for appellant at 5. Testimony, by the president of Bay, confirmed that Bay's "jobs" are not "done" at the business office address:

Q- Are these jobs that—that you've just told—testified to, are they jobs that are done at that business address?

A- No.

Q- Where are the jobs done?

A- Usually the location of the construction site.

Q- These would be jobs then that are done in the field?

A- Yes, in the field.

Nonetheless, Bay contends that its places of business for purposes of this unemployment question are where "they are incorporated, where they receive mail, where they take telephone calls, and maintain their business records." Brief for appellant at 5-6. Bay warns that "[t]o find that the job site is the place of business of contractors would suggest that each plumber, carpenter and tradesman would maintain hundreds of places of business during the course of any year" and that such would be the result if the conclusions of the Commissioner in the instant case were found to be correct. *Id*. at 5. However, it appears to this court that to not adopt the theory that was followed by the Commissioner would result in employers such as Bay not having any employees, within the meaning of § 48-604(5)(b), except for possibly an administrative assistant who handles the paperwork at the office.

*"Places of Business."*

■ Generally, when statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain a statutory meaning, so that, in the absence of a statutory indication to the contrary, words used in a statute will be given their ordinary meaning. *State v. Melcher*, 240 Neb. 592, 483 N.W.2d 540 (1992); *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992).

Given the factual platform of this case and the plain language of the statute that at least in some cases a business entity will have more than one place of business, we do not interpret "places of business" to be limited to the office headquarters of the employer or the office premises.

The service performed by Shurter was the same type as that regularly performed by Bay. By the very nature of this type of work, it could not be completed at the corporation's mailing

address. The brothers, who owned and operated the business with their mother, knew, and one in fact testified, that their services were performed at "the location of the construction site," "in the field."

■ Further, even if we were to find that the language of § 48-604(5)(b) was ambiguous, we would conclude that Bay's places of business include its jobsites. Where statutory construction is necessary, the court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the act. *State v. Melcher, supra; State v. Seaman,* 237 Neb. 916, 468 N.W.2d 121 (1991); *West Nebraska General Hospital v. Hanlon,* 208 Neb. 173, 302 N.W.2d 694 (1981).

■ The Employment Security Law is to be liberally construed in order to accomplish its beneficent purpose of paying benefits to involuntarily unemployed workers. *Sorensen v. Meyer,* 220 Neb. 457, 370 N.W.2d 173 (1985); *McClemens v. United Parcel Serv.,* 218 Neb. 689, 358 N.W.2d 748 (1984). Construing § 48-604(5)(b) liberally with an eye toward its beneficent purposes, we conclude that "places of business" include Bay's jobsites. This result is consistent with decisions on this subject from other jurisdictions. See, *Vt. Inst. Comm. Involve. v. Dept. of Employ. Sec.,* 140 Vt. 94, 436 A.2d 765 (1981) (holding that a college was liable for unemployment fund contributions for its adjunct faculty who taught courses within the college's business territory, but at locations often not chosen by the college and rarely provided by it); *Bluto v. Dept. of Employ. Sec.,* 135 Vt. 205, 373 A.2d 518 (1977) (holding that employer which engaged in real estate endeavors and rental enterprises was liable for unemployment fund contributions for a carpenter who built an addition to a house that was owned by the employer and located in the employer's business area). Cf. *Northwest Tool v. Employment Sec.,* 15 Wash. App. 118, 547 P.2d 908 (1976).

The "places of business" of Bay must necessarily include the jobsites, as well as the office, if the language of the Employment Security Law is given its plain meaning, or even if we would find the language ambiguous.

## CONCLUSION

In light of the existence of sufficient evidence to support the Commissioner's conclusion that Bay failed to prove that the evidence dictated the existence of all three elements of the ABC test, such conclusion must be affirmed. The judgment of the district court affirming the Commissioner's award of unemployment benefits to Shurter is affirmed.

AFFIRMED.